ADAM PFAFF *et al.*

*v.*

CHRISTIAN CILSDORF *et al.*

*Opinion filed April 21, 1898—Rehearing denied June 8, 1898.*

1. APPEALS AND ERRORS—*question on appeal in chancery cases is whether the proper decree was entered.* In chancery cases the question on appeal is not so much whether the chancellor erred in his rulings on evidence, as whether, upon considering all proper and rejecting all improper evidence, the proper decree was entered.

2. SAME—*when decree will not be reversed for improper rulings.* A decree will not be reversed for erroneous rulings on evidence, unless it appears, from an inspection of the entire record, that different rulings might have induced a different decree.

3. SPECIFIC PERFORMANCE—*bill should be dismissed unless the complainant makes a primá facie case.* A bill for specific performance is properly dismissed for want of equity where the complainant fails to adduce such proof as, without considering opposing evidence, *prima facie* entitles him to a decree.

4. SAME—*when complainant is not entitled to decree of specific performance.* The complainant in a bill for specific performance of a contract to exchange properties is not entitled to a decree, though he may have tendered a deed to the property which he claimed to own, and offered to perform, where the defendant, by his answer, denies complainant's ownership of such property and complainant makes no proof thereof.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

J. HENRY KRAFT, for appellants.

B. M. SHAFFNER, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the Superior Court of Cook county October 31, 1896, by appellants, Adam Pfaff and wife, to compel appellees, Christian Cilsdorf and wife, specifically to perform the following contract:

"*Know all men by these presents:* Adam Pfaff, of the city of Chicago, herewith agrees to purchase from Christian Cilsdorf lots 1 and 2, in block 7, in E. Simonds' subdivision south-east one-quarter of section 35, township 40, range 13, together with all improvements thereon, for which the said Adam Pfaff agrees to furnish said Christian Cilsdorf a full warranty deed to two hundred acres of land located in Montgomery county, Texas, now owned by said Adam Pfaff, and the sum of $1400, and Christian Cilsdorf herewith agrees to furnish said Adam Pfaff a full warranty deed to said lots 1 and 2 in E. Simonds' subdivision, above described, the conditions of this agreement to be fulfilled on or before July 1, 1893. It is further agreed that said Adam Pfaff shall pay, or prove that he has paid, all taxes levied on his said two hundred acres of land in Montgomery county, Texas, up to the year 1893, and said Christian Cilsdorf herewith agrees that he will pay, or prove that he has paid, all taxes levied on his two lots above described up to the year 1893, together with assessments for sewers.

CHICAGO, *May 23, 1893.*

ADAM PFAFF,
CHRISTIAN CILSDORF,
JULIA PFAFF,
AUGUSTA CILSDORF.

Witness:—PAUL E. BUEDEFELDT."

Cilsdorf answered the bill, specifically denying each allegation thereof, and denying that appellants were the owners of the land they agreed to convey. Replication was filed, and the cause was heard by the chancellor and the bill dismissed for want of equity. The complainants have appealed to this court.

The only witness examined was the appellant Adar Pfaff, who testified in his own behalf that on July 1, 18'

in the evening, being the last day of the life of the contract, he offered Cilsdorf $1400 in money, a deed for the Texas land, and the tax receipts showing that the taxes on the same were paid; that Cilsdorf took the deed and then shoved it back to him and refused to take the money, and said he would not take it and would have nothing to do with it; that Cilsdorf did not say that the deed was not a good one, nor did he object to it for that reason; that the deed was drawn up by and was acknowledged before Paul Buedefeldt, who was Cilsdorf's agent; that there was a mortgage on the Texas land for $400, but that it had been paid, although the mortgage was not released of record until a year after July, 1893.

The alleged deed for the Texas land, tendered by Pfaff to Cilsdorf, purports to convey and warrant a tract of land containing two hundred acres, part of the William Gibson survey, describing it by metes and bounds but without reference to any known government surveys, and fails to describe in what county and State it is situate. No proof whatever was made that appellants owned this land described in the contract sought to be enforced. Appellees objected to the introduction of the deed in evidence because it contained no description of the land, and the court sustained the objection. Appellees' contention is that the tender of such deed was not such a compliance with the terms of the contract on the part of appellants as to enable them to enforce specific performance of the contract. Appellants contend that, as appellees made no objection at the time of the tender, based on the form of the deed or its insufficiency because of the defective description, but simply refused to carry out the contract, they could not take advantage of such defect on the hearing to defeat the tender, but had waived such advantage. It is contended further, that the deed was drawn by appellees' agent, and for that reason the responsibility for the defect in the deed rested upon appellees, and not upon appellants. In the third place, it is

insisted by appellants that the evidence showed that within the time limited by the contract they were ready and willing and offered to perform the contract on their part, and that appellees refused compliance on their part, and that upon such proof no actual tender of a deed to appellees was necessary; that in and by their bill appellants alleged their readiness and willingness to comply with all the provisions of the contract, and that their right to specific performance was not lost by a mere defect in the tender, where the contract did not provide, in terms, for such tender. Appellants cite many cases to maintain this last position assumed by them, and upon which they chiefly rely in this court.

From the view we take of the case as presented by the record, it is immaterial whether the chancellor erred or not in refusing to admit the deed in evidence. It is very clear that the alleged deed was not a deed to the lands which appellants by their contract agreed to convey, and was, so far as such contract was concerned, no deed at all, for it did not describe any lands which could be located. But even if it should be held that it should have been admitted in connection with the testimony of Adam Pfaff to the effect that he offered to appellees to perform the contract and was then ready and willing to do so, still its admission would not have entitled appellants to a decree for specific performance, even if no tender were necessary, for the reason that no proof was made or offered that appellants, or either of them, owned the lands described in the contract. These lands are described in the contract as lands owned by said Adam Pfaff, and it was averred in the answer that he did not own the lands, but no proof whatever was made on the question of ownership. Under the contract and the pleadings the chancellor could not require that appellees accept even a perfect deed of conveyance and perform the contract on their part without proof of title in the makers of such deed. It was incumbent on the complainants to

adduce such proof as would, without opposing evidence, entitle them to a decree. In cases in equity like this, the question on appeal is not so much whether the chancellor erred in refusing to admit proper evidence or in admitting improper evidence, but whether, after considering all proper and rejecting all improper evidence, the proper decree was entered. "In chancery cases the practice is, not to reverse for erroneous rulings in the admitting or excluding of evidence, unless it is seen, after an inspection of the entire record, that different rulings might have induced a different decree." (*Willemin* v. *Dunn*, 93 Ill. 511; *Smith* v. *Long*, 106 id. 485.) "The entire record is before us, embracing not only the evidence admitted but also that excluded, and unless we can see on this record there is error in the decree below it must be affirmed." (*Smith* v. *Long, supra.*) Applying this rule to the case at bar, it is very clear that upon all the evidence given or offered there is no error in the decree, and that if the deed had been admitted in evidence the decree must have been the same.

It would seem to be apparent that appellants have not presented here for decision the question whether or not the chancellor erred in excluding the deed from evidence, or in holding that they were required to tender to appellees a sufficient deed before the expiration of the contract before they could compel the specific performance of the contract. Such a holding, if erroneous, would be harmless error, in the absence of further proof that appellants owned the land, and the decree is right upon the record, whether the learned chancellor erred in the respect insisted upon or not.

The decree must be affirmed.      *Decree affirmed.*