## SHERMAN v. BEAM.

In a suit to compel defendant to perform a contract to purchase real property, plaintiff must show a title which is free from all reasonable doubt.

That a vendor offers a warranty deed does not require acceptance of the title by the purchaser without regard to the merits of the title.

The Supreme Court cannot as a rule take judicial notice of the incorporation of municipalities of other states.

The court may exercise a legal discretion in determining whether to grant specific performance of a contract to purchase land, depending upon the circumstances, and, where the vendor is not shown to have a satisfactory title, specific performance may be refused, though it is not shown that his title is bad.

Evidence, in a suit to compel specific performance of an agreement to purchase land, held not to show a satisfactory title in plaintiff, so that specific performance was properly refused.

(Opinion filed, March 15, 1911.)

Appeal from Circuit Court, Stanley County. Hon. LYMAN T. BOUCHER, Judge.

Action by Fred Sherman against Emma Beam. From a judgment for defendant, plaintiff appeals. Affirmed.

*J. T. Medin,* for appellant. *John F. Hughes* and *C. C. Delle,* for respondent.

McCOY, J. It appears from the record in this case that about the 6th day of February, 1907, plaintiff and defendant entered into a written contract whereby the plaintiff agreed to transfer and convey to defendant a certain quarter block of real estate situated in Rolfe, Iowa, in consideration of which defendant agreed to transfer and convey to plaintiff a certain quarter section of land in Stanley county, S. D. When the time arrived for the said conveyances to be made under said contract, plaintiff made out and tendered to defendant a warranty deed in proper form of the Rolfe real estate. Defendant refused to accept said deed and refused to convey to plaintiff her said real estate in South Dakota. Thereupon plaintiff instituted this action, in specific performance, to compel defendant to convey to him the said quarter section of land situated in Stanley county. Defendant's answer contained a general denial. On the trial the court made, among others, the findings that, from the evidence submitted at the trial, the plaintiff has not a good and valid fee-simple title deraigned from the United States to the property which plaintiff was to convey to defendant pursuant to the terms of the alleged contract sued upon, that there was no evidence to show that plaintiff has a fee-simple title to said property, and the court finds from the evidence that the title of plaintiff to said property tendered in exchange to defendant for defendant's property is not a merchantable title and is not a fee-simple title deraigned from the United States, and that plaintiff has not a merchantable title to said property to convey to the said defendant. Judgment was entered on the findings in

favor of defendant. The sufficiency of the evidence to justify these findings is challenged by the appellant. We are of the opinion that the court was correct in making this finding, and that the evidence submitted by plaintiff on the question of title was not sufficient to warrant the court in decreeing specific performance of the contract in question.

In an action where plaintiff seeks, by specific performance, to force upon a defendant against his will a title to real property, the burden of proof is on such plaintiff to show that he has title which is free from all reasonable doubt. Pomeroy on Contracts, § 198, p. 278; 36 Cyc. 695; Waterman on Specific Performance, § 411; Pfaff v. Cilsdorf, 173 Ill. 86, 50 N. E. 670; Close v. Stuyvesant, 132 Ill. 607, 24 N. E. 868, 3 L. R. A. 161. In this case plaintiff has failed to show any title at all from any source whatever. The fact that plaintiff made out a warranty deed to the Rolfe property and tendered the same to defendant does not prove that plaintiff had any title to convey. There is nothing in the evidence to show from whom plaintiff obtained or received his alleged title. There is some testimony on the part of plaintiff to the effect that the Pocohantas Land & Loan Company in 1890 platted some land as an addition to Rolfe, Iowa, from which it may be inferred the land in question was included therein. Plaintiff also gave testimony as to the law of Iowa in relation to platting town sites and the effect thereof upon the land titles included in such plat, and referred to section 915, Code 1897, of Iowa, and sections 924 and 930, Supplementary Code of 1907. There is no evidence in this case to show that Rolfe is an incorporated town. This court cannot, as a general rule, take judicial notice of the incorporation of municipalities situated in other states. There is no testimony deraigning plaintiff's title back to this plat of 1890; nothing whatever to connect his title with that plat; nothing to deraign his title to any authentic source of title. True, plaintiff testified that he had examined the title back to the plat, and that it was good; but that is not proof of title. It was only his opinion, as a lawyer, as to the title he examined, and which title itself is not placed in evidence. If plaintiff had placed this title in evi-

dence, which was so examined by him as an attorney, and had placed before the trial court the fact and evidences of such title, the court might have been in a position to conclude whether plaintiff had any title, and whether the same was good or bad. There was some testimony offered by defendant tending to impeach and show that plaintiff's title was questionable, and that it was necessary to go into court to establish the same and to cut off questionable claims thereto. The decreeing of specific performance, whereby defendant is compelled and forced to accept a title against his will, is, to a certain extent, discretionary on the part of the trial court: not an arbitrary discretion, however, but a legal discretion depending on the circumstances of each particular case. And in such a case, where title is not satisfactorily shown to be in plaintiff, it is within the legal discretion of the trial court to refuse specific performance, although the evidence might not show the title in question to be bad. Pomeroy on Contracts, § 198, p. 278; 36Cyc. 632; Kofka v. Rosicky, 41 Neb. 328, 59 N. W. 788, 25 L. R. A. 207, 43 Am. St. Rep. 685. Under the evidence in this case the court was clearly warranted in denying specific performance on the ground of the unsatisfactory proof of plaintiff as to his title to the quarter block of land situated in Rolfe, Iowa.

Appellant has assigned many other errors; but examination thereof, under the view we take of this case, shows the same to be without merit and as containing no reversible error.

Finding no error in the record, the judgment of the circuit court is affirmed.