On Rev. Code 1919, Sec. 906 see Annotations Kerr's Cyc. Codes 1920, Civ. Code, Sec. 1691.

---

HUWE, Respondent, v. MOULTON, Appellant.

(203 N. W. 457.)

(File No. 5242.   Opinion filed April 18, 1925.)

1.  Specific Performance—Evidence—Findings—Court's Finding as to Wording of Contract Held Not Contrary to Clear Preponderance of Evidence.

Trial court's findings on conflicting testimony, in action for specific performance, that contract for exchange of property was in substantially words alleged by plaintiff, held not contrary to clear preponderance of evidence.

2. **Evidence—Contracts—Copy of Contract Prepared from Memory by Scrivener After Destruction of Original Held Admissible and Sufficient with Other Evidence to Prove Contract.**

Copy of contract, prepared from memory by one who drew original three days before and testified that it was substantially the same, held admissible and sufficient, with his and other testimony, to establish complete, enforceable contract, notwithstanding destruction of original day after its execution.

3. **Specific Performance—Burden of Proof—Rescission—Burden on Defendant to Prove Rescission of Contract.**

In action for specific performance of contract to exchange property, burden was on defendant to prove rescission.

4. **Specific Performance—Evidence — Findings — Finding that Contract Was Not Rescinded by Mutual Consent Held Sustained by Evidence.**

In action for specific performance of contract to exchange property, trial court's finding that contract was not rescinded by mutual consent held sustained by evidence of its surrender by plaintiff to defendant on latter's false statement that he had sold his property to another for cash, pursuant to right reserved in contract, and his destruction thereof over plaintiff's protest.

5. **Specific Performance—Tender—Plaintiff Offering to Perform and Tendering Perfect Title Entitled to Specific Performance of Exchange Contract.**

Plaintiff, tendering full performance of his part of contract to exchange property in complaint and proof, and depositing in court deed and abstract showing perfect title, is entitled to specific performance.

Appeal from Circuit Court, Brown County; Hon. B. A. Walton, Judge.

Action by H. W. Huwe against L. O. Moulton. Judgment for plaintiff, and defendant appeals. Affirmed.

*Williamson, Williamson & Smith,* of Aberdeen, for Appellant.

*Campbell & Fletcher,* of Aberdeen, for Respondent.

(2) To point two of the opinion, Appellant cited: Ivy v. Bessemer City Cotton Mills (N. C.), 55 S. E. 613; 13 C. J. 933.

Respondent cited: Sizer v. Burt, 4 Denio 426; Aetna Insurance Co. v. Weide, 9 Wall 677.

SHERWOOD, J. This action was brought to enforce specific performance of a contract for the exchange of property. There was judgment for plaintiff, and defendant appeals.

The original contract was in writing, and provided in sub-
stance that defendant would convey to plaintiff certain lots, store
building, and a stock of goods in Warner, S. D., for plaintiff's
half section of land in Day county. This contract was filled out in
duplicate by one Draeger. One duplicate was given to plaintiff
and. one to defendant. It was drawn up and signed by both
parties about 2 or 3 o'clock in the afternoon of January 19, 1922,
at the office of Hatfield Motor Supply Company, in Aberdeen.
Both parties to the suit, Draeger, the scrivener, and one Mathieu,
were present when the contract was drawn, read over, and Drae-
ger and Mathieu signed as witnesses. On January 20, 1922, be-
tween 6 and 7 o'clock in the afternoon, Moulton went to the
Radison Hotel in Aberdeen, where Huwe was; told him he had
sold his store and merchandise to one Dent and that his deal with
Huwe was off and they might as well tear up the contracts. Moul-
ton obtained Huwe's duplicate, then tore both duplicates across
both ways, and the pieces were thrown into the cuspidor. On
January 22, 1922, about 2 or 3 o'clock in the afternoon, Draeger,
who wrote the original contract, prepared a copy of it from mem-
ory, in the office of Judge Campbell in Aberdeen. This copy was
later admitted in evidence as "Exhibit 1" at the trial of the case.
Its admission in evidence is one of the errors charged. This action
was brought to enforce the specific performance of this destroyed
contract.

The complaint set forth, among other things, the contract of
exchange it alleged was made between plaintiff and defendant, in
substantially the same words used in Exhibit 1. Alleged plain-
tiff's duplicate contract was obtained from him by the fraud of
defendant, in that defendant stated to plaintiff he had sold his
property to one Dent for cash, when in fact it was not sold for
cash, or at all, thus inducing plaintiff to part with his duplicate
contract, which defendant immediately destroyed. The answer.
denies the fraud. Alleges the contracts were delivered up and
destroyed by mutual agreement with intent to extinguish their
obligation. And while it does not expressly admit that the con-
tract set forth in the complaint and in Exhibit 1 is a substantial
copy of the original, it admits executing and delivering the origi-
nal contracts, and specifically denies but one paragraph in the
contract as alleged in the complaint and shown in Exhibit 1. As

this disputed paragraph of the contract it the only part of it necessary to be considered in determining the case, we will set forth the paragraph as each party alleges it was in the contract when he signed it.

Respondent says the paragraph read as follows:

"It is hereby agreed that the second party reserves the right to sell his store and mdse. for *all* cash until 7:30 p. m., Jan. 20, 1922, and in case of such sale, agrees to notify first party at office of Hatfield Motor Supply Company, Aberdeen, S. D., before 7:30 p. m., Jan. 20, 1922. However, in case second party does not sell said mdse. and real estate for all cash before 7:30, Jan. 20, 1922, then this contract is to be in full force and effect and binding on both parties."

Appellant says the paragraph read as follows:

"It is hereby agreed that the second party reserves the right to sell his store and merchandise for cash until 7:30 p. m., Jan. 20. 1922, and in case of such sale agrees to notify first party at office of Hatfield Motor Supply Company, Aberdeen, S. D., before 7:30 p. m., January 20, 1922."

An examination of all the evidence shows that Draeger testified positively that the paragraph first above was word for word as originally written. This testimony is corroborated in all material parts by Mathieu, while Moulton alone testified to the contrary, and it should be noted that Moulton, when called as an adverse witness for cross-examination, testified:

"In that contract I reserved the right to sell the property, not as trade, but to sell it. * * * It seems to me when the contract was written by Mr. Draeger he put in there to sell for cash. I signed it. * * * I had at that time some Englishman that I expected to sell the store to. His name was Wilford Dent. I never consummated any sale with Mr. Dent."

[1] The trial court, having all the witnesses before it and the opportunity, which we have not, of observing their demeanor and manner of testifying, has found that this contested portion of the contract was in the words alleged by plaintiff and claimed by respondent. The court has also found that the entire contract was in substantially the words alleged in plaintiff's complaint and in Exhibit 1. These findings of the trial court were made on a dis-

puted question of fact at least as to part of the contract, and from an examination of the testimony we cannot say there was a clear preponderance of the evidence against either finding. They must therefore be affirmed. Peever Merc. Co. v. State Mut. Fire Ins. Co., 23 S. D. 1, 119 N. W. 1008, 19 Ann. Cas. 1236; Int. H. Co. v. McKeever, 21 S. D. 91, 109 N. W. 642.

[2] Appellant objected to the admission of Exhibit 1 in evidence chiefly on the ground it was "incompetent, no foundation laid and not the best evidence." He now presses these objections and claims there is no competent evidence to establish the terms and conditions of the contract so that it can be specifically enforced.

The only written evidence of the contract had been destroyed by the defendant. On proper request the man who drew the contract prepared Exhibit 1 from memory. It was prepared three days after the original contract was written and two days after it was destroyed. It bears some internal evidence of being written on a printed form, and I think we may fairly assume, as respondent's counsel alleges in his brief, that it was written on a blank similar to the one on which the original was written. Exhibit 1 was written when the facts concerning the contract were fresh in the memory of the writer, near the time the original was written. It was known to be a true copy or reproduction when made. In its origin it answers all the tests. · Wigmore on Evidence, vol. 2, §§ 744, 747.

The witness who drew Exhibit 1 testified it was in his handwriting and at the time he drew it he was "fully familiar with the contents of the original," and further said:

"I think I am familiar with what the contents of that contract were.

"Exhibit 1 is word for word the contract signed by these people; substantially word for word. There might be one or two different words of it, but the substantial part of it would be identical."

We have then the recorded past recollection of one witness, which past recollection is also his present recollection as to the entire contract, and the present recollection of two other witnesses as to the only contested paragraph in the contract. Taken together, they proved a complete and enforceable contract.

It is said in Wigmore on Evidence, vol. 2, p. 12, § 735:

"The use of a recorded past recollection now occupies a firm and unassailable place in our practice and doctrines."

By verifying and adopting the record of this past recollection, it became to that extent the testimony of the witness and was admissible in evidence. Wigmore on Evidence, vol. 2, §§ 754, 1277, 1280; Town of Barnet v. Town of Norton, 90 Vt. 544, 99 A. 238; Insurance Co. v. Weide, 9 Wall. 677, 19 L. ed. 810.

[3, 4] Appellant strenuously contends that this contract was extinguished by the mutual consent of the parties, while respondent contends that appellant obtained the contract by means of the false statement that he had sold the property.

It is conceded the contract would have been canceled by a bona fide sale of appellant's property for cash and notice to respondent thereof before 7:30 p. m. on January 20th. It is also conceded the property was not sold for cash or at all before that time. It is further conceded appellant stated he had sold the property before he obtained the contract from respondent.

Respondent testified he produced the contract at appellant's request, relying on his statement that the property was sold; that appellant reached over and took it from his hand and destroyed it against his protest. If appellant had made a bona fide sale of his land and given notice within the time limited, the contract was canceled without being either delivered up or destroyed. Appellant's eagerness to obtain the contract and his haste to destroy it tend strongly to corroborate respondent. The burden of proof was on defendant to prove rescission. The trial court found the contract was not rescinded. We think this finding of the trial court must be sustained.

[5] In this action plaintiff has tendered full performance of his part of the contract both in his complaint and in his proof. He had brought his deed and abstract and deposited them in the court. No question is raised that these papers show any defect in plaintiff's title. Having offered to perform and tendered perfect title, he is entitled to specific performance.

We have carefully examined all other assignments of error and find them without merit.

The judgment and order appealed from are affirmed.

CAMPBELL, J., not sitting.