HUWE, Respondent, v. MOULTON, Appellant.

(211 N. W. 453.)

(File No. 5242.  Opinion filed December 31, 1926.)

1. **Specific Performance—Vendor's Testimony that He Had Property Mentioned in Land Contract and Could Deliver Deed Held Insufficient Evidence of Title Warranting Specific Performance.**

   Vendor's testimony that he had farm property mentioned in land contract and that he had a deed and was ready to deliver it and had ordered abstracts held insufficient evidence of merchantable title to entitle him to specific performance.

2. **Vendor and Purchaser—Vendor Seeking Specific Performance Must Show Title Free from All Reasonable Doubt.**

   Vendor seeking specific performance has burden of showing title free from all reasonable doubt.

   Sherwood, J., dissenting.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Specific performance, Key-No. 121(11), 36 Cyc. 782 (Anno.); (2) Vendor and purchaser, Key-No. 130(2), 39 Cyc. 1452.

Specific performance of land contract not decreed where vendor unable to show clear title, see 25 R. C. L. 275, 3 R. C. L. Supp. 1415, 4 R. C. L. Supp. 1579.

Appeal from Circuit Court, Brown County; Hon. B. A. Walton, Judge.

On rehearing.  Former opinion vacated, judgment and order appealed from reversed and cause remanded.

For former opinion, see 48 S. D. 205, 203 N. W. 457.

*Williamson, Williamson & Smith,* of Aberdeen, for Appellant.

*Campbell & Fletcher,* of Aberdeen, for Respondent.

BURCH, J. [1] This case is before us on rehearing. The opinion originally filed is reported in 48 S. D. 205, 203 N. W. 457. In closing the opinion this language is used:

"In this action plaintiff has tendered full performance of his part of the contract both in his complaint and in his proof. He had brought his deed and abstract and deposited them in the court. No question is raised that these papers show any defect in plaintiff's title. Having offered to perform and tendered perfect title, he is entitled to specific performance."

Appellant urges in his motion for rehearing that the evidence does not support this conclusion. On a re-examination of the record we find respondent testified:

"I have some farm property in the vicinity of Andover. The property mentioned in this contract. One section of land in 8 and 30, township 121—59."

Later, in response to questions as to his ability and willingness to convey, he testified in substance that he had a deed and was ready to deliver it, and had ordered abstracts. As to the abstracts he answered:

"A. I am ready to deliver them if they are here—they were ordered to be sent here, and I suppose they are here. They have not arrived yet that I know of. They were at the Citizens' State Bank at Andover."

That is all the evidence of title in respondent. The pleadings specifically put in issue the title of respondent to the land which he was seeking by specific performance to compel appellant to accept. This was not sufficient proof of a merchantable title to land.

[2] In Sherman v. Beam, 27 S. D. 218, 130 N. W. 442, this court said:

"In an action where plaintiff seeks, by specific performance, to force upon a defendant against his will a title to real property, the burden of proof is on such plaintiff to show that he has title which is free from all reasonable doubt."

This rule is not too strong. Where a court of equity compels a party to accept and pay for real property it is the duty of the court to know that its decree enforces the specific terms of the contract on both sides. To do this the court must know that what the plaintiff offers to do is a full compliance on his part before compelling performance by defendant. The mere statement by a landowner that he is the owner and has a good title to land would not be acceptable as proof of title to a prudent business man. It ought not to be acceptable to a court of equity adjudicating the rights of litigants. We are satisfied with the original opinion covering the assignments considered, but the full import of the objection to proof of title was overlooked, and the former decision affirming the decision of the trial court is vacated,

and the judgment and order appealed from are reversed and the cause remanded for retrial.

CAMPBELL, J., not sitting.

SHERWOOD, J. (dissenting). I still think, considering the pleadings and the entire record in this case, that plaintiff's title and ability to perform his contract as agreed was practically and in legal effect conceded in the court below.

I concur in the rule laid down in Sherman v. Beam, cited in the opinion of the majority of the court herein, but do not think the rule is applicable to the facts of this case. I think the original opinion should be affirmed.