258 P.2d 991

**SABIN v. RAUCH et ux.**

No. 5706.

Supreme Court of Arizona.

June 22, 1953.

V. L. Hash and Virginia Hash, of Phoenix, for appellant.

Clarence O. Fehling, of Phoenix, for appellees.

Clifford R. McFall and Knapp, Boyle, Bilby & Thompson, by Harold C. Warnock, all of Tucson, amici curiae.

WINDES, Justice.

Suit by vendor, plaintiff below, to require vendee, defendant below, to specifically perform her contract of purchase. We held that if defendant were required to completely perform there would be a reasonable doubt that she would receive marketable title because of certain joint tenancy deeds issued to third parties by former vendors of the property. Sabin v. Rauch, 75 Ariz. 275, 255 P.2d 206. The facts are found in the original opinion. On motion for rehearing, amici curiae were granted leave to appear and file a brief. In the light of the points raised therein, we decided to re-examine the question and grant rehearing, giving defendant opportunity to answer brief of amici curiae.

The fear is expressed that our opinion, at least without clarification, would be authority for the proposition that a vendee purchasing under a recorded contract of sale would not have marketable title if the vendor thereafter conveyed his interest to a third party. Since the possibility of such an interpretation has been called to our attention, we say that the decision was not so intended to the broad extent implied. Certainly either a vendor or vendee under a recorded contract of sale may transfer or assign his interest in the contract and the property rights involved therein, and clear title will flow *if* all provisions of the contract are performed according to its terms and *if* such assignments and transfers are made in accordance with the terms of the contract. Under such circumstances we can think of nothing either party could do that would give reasonable basis for a

claim that the other's interest was adversely affected. However, we are not dealing with such a problem. We are dealing with the duties of a vendor, three times removed from the original vendor, who has agreed that when the intervening contracts of purchase are complied with by the payment of certain balances due, clear title, free from possible litigation or marketable defects, will filter through these contracts.

■ A plaintiff seeking a decree requiring complete performance on the part of defendant has an obligation to allege and prove not only that he has performed to date, but if the possibility of his future performance is challenged, he must give such assurances as the court may require that he will completely perform when the time arrives for him to meet such obligations. Williston on Contracts, Revised Edition, Volume 5, Section 1440, Page 4022. Volume 2, Restatement of the Law of Contracts, Section 373.

■ It is urged that a title in which no question of fact is involved is marketable if good as a matter of law. We do not question this as a correct abstract statement of the law, but it is not applicable to the facts presented by the record. Plaintiffs' source of title is complicated and confused, carrying potential difficulties depending upon facts not before the court. To illustrate: the conduit through which this title must flow consists of two contracts of sale with various transfers of the respective interests of both sellers and purchasers; both of these contracts are being processed through escrows of the Phoenix Title and Trust Company; both provide that no transfer or assignment of any rights thereunder may be made by anyone having an interest therein, unless made in such manner and accompanied by such deeds and other instruments as shall be required by the title company. Whether these provisions of the contracts were complied with is a blind spot. There is no proof of compliance in any respect. The reason for this requirement is apparent. If all the transfers or assignments passed through the escrows, then the remote purchaser knows his payments will be funneled through the title company to the party entitled thereto and should be reasonably assured that the necessary deeds and documents will be required that will finally make the title clear, thus removing the possibility of confusion and litigation under the rights and duties provided for in the contracts and the property covered thereby, and removing the possibility of objections by future purchasers. Defendant should not be required to accept transfers or assignments unless it be shown the same were made in accordance with the terms of the contracts. It is plaintiffs' obligation to prove that when the entire purchase price is paid as required by the decree of the court, clear title will result from the confused situation here presented. New York Investors v. Manhattan Beach Bathing Parks Corporation, 229 App.Div. 593, 243 N.Y.S. 548.

*Huwe v. Moulton,* 50 S.D. 588, 211 N.W. 453. *Sherman v. Beam,* 27 S.D. 218, 130 N.W. 442. Maupin, Marketable Title to Real Estate, Section 295, Page 748.

STANFORD, C. J., and PHELPS, LA PRADE and UDALL, JJ., concur.