411 P.2d 809

**YOO THUN LIM, aka Fay Lim, and Jane Doe Lim, husband and wife, Appellants,**

**v.**

**Fred A. CRESPIN and Lupe Angie Crespin, husband and wife, Appellees.**

No. 7294.

Supreme Court of Arizona.

En Banc.

March 3, 1966.

Stokes & Moring, Casa Grande and Coolidge, for appellants.

Morgan & Rosenberg, Tucson, for appellees.

STRUCKMEYER, Chief Justice.

Fred A. Crespin and his wife Lupe Angie Crespin, appellees herein, brought this action to recover from Yoo Thun Lim damages suffered by reason of personal injury arising out of an automobile accident in which Lim was the driver and Crespin a passenger. A unanimous verdict was returned by the jury in favor of Lim. The court thereafter granted the Crespins' motion for a new trial and it is from the order granting the new trial that Lim appeals.

The action in which Fred Crespin suffered his injuries was a one-car accident near Miami, Arizona, in which the car, owned and driven by Lim, overturned. Lim worked as a cook until midnight on the 10th day of April, 1959. Thereafter he and Crespin started to drive from Superior to

Miami, Arizona. A short distance from Miami on Highway 70 they approached a curve at about fifty miles an hour. Lim testified that he got "just a little bit too close to the edge of the road" and hit a "soft shoulder" and "some small rocks" and then overturned. There is no testimony that fifty miles an hour is in excess of the legal speed limit.

In 1954, this Court adopted Rule 59(m), Rules of Civil Procedure, 16 A.R.S., which provides that "No order granting a new trial shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted." At the time of adoption of Rule 59(m), we had long adhered to the rule that if an order granting a motion for a new trial was general in its terms, it would be affirmed where properly granted on any of the grounds assigned. Huntsman v. First National Bank, 29 Ariz. 574, 243 P. 598. The granting of a new trial is different from an order refusing a new trial, for in the former the rights of the parties are never finally disposed of as in the latter they may be. Sanchez v. Stremel, 95 Ariz. 392, 391 P.2d 557. Accordingly, the burden is upon the party who disagrees with the action of the trial court to show an abuse of discretion in the granting of a new trial.

In the instant case, the Crespins' motion was granted "on the grounds set forth in their motion for a new trial." The motion was couched in the language of the statutory grounds for a new trial, Rule 59 (a), Rules of Civil Procedure, 16 A.R.S.; namely, that the verdict was the result of passion and prejudice, that it was not justified by the evidence and contrary to law, that it was the result of the court's error admitting inadmissible evidence, and that it was the result of the court's error in refusing instructions of the plaintiff. Manifestly, the order for a new trial does not comply with Rule 59(m). Particularity means "in a detail". Webster's Third International Dictionary.

This Court has often commented on the failure of the court below to comply with Rule 59(m). We will not dismiss an appeal for failure to comply with the rule, Pima County v. Bilby, 87 Ariz. 366, 351 P.2d 647, feeling that such a remedy is too harsh. We have said that the rule may be enforced by petition in this Court to return the record to the trial court to enlarge upon its order by specifying with particularity the grounds. Caldwell v. Tremper, 90 Ariz. 241, 367 P.2d 266.

We note that the Supreme Court of Missouri adopted by court order the rule that where there is a failure to particularize it would be presumed that the new trial was erroneously granted and shifted to the party beneficially favored the burden of supporting the trial court's ruling. Drake v. Hicks, Mo., 261 S.W.2d 45. In Moore v.

Glasgow, 366 S.W.2d 475, the Missouri Court of Appeals examined extensively the Supreme Court rule, saying:

" * * * the first point in plaintiff's brief is that 'the trial court erred in failing to specify the ground upon which it relied in purporting to grant defendant a new trial unless plaintiff file a remittitur.' Under this point, plaintiff cites numerous cases recognizing and applying the provisions of procedural rules adopted by our Supreme Court to the effect that, *'(w)hen a trial court grants a new trial without specifying of record the ground or grounds on which the new trial is granted,* the presumption shall be that the trial court erroneously granted the motion for new trial * * * the burden of supporting such action is placed on the respondent,' * * *.

" * * * But, just how 'specific' must be the statement of the ground in the trial court's order remains, in some instances, a subject of inquiry and a source of difficulty. E. g., Davis v. Kansas City Public Service Co., Mo., 233 S.W.2d 669, 677. On the one hand, a general statement in the order that the motion for new trial is sustained for the giving of erroneous, misleading, confusing and prejudicial instructions [Newman v. St. Louis Public Service Co., Mo.App., 238 S.W.2d 43, 45(1), affirmed Mo. (banc), 244 S.W.2d 45, 46(1)] or for the admission of incompetent, irrelevant, immaterial, improper and prejudicial evidence [Goodman v. Allen Cab Co., 360 Mo. 1094, 1097, 232 S.W.2d 535, 537 (1); Johnson v. Kansas City Public Service Co., 360 Mo. 429, 433, 228 S.W. 2d 796, 797(1)] is *not* specific within the contemplation and meaning of Rules 78.01 and 83.06. The rationale of these holdings is that '(t)he ground stated is too general to furnish any information to the parties or to this (appellate) court concerning the real basis of the trial court's action.' Goodman, supra, 360 Mo. loc. cit. 1097, 232 S.W. loc. cit. 537." 366 S.W.2d 475, 477. (Emphases in original.)

In the instant case, it is apparent that both appellant and this Court are compelled to speculate as to the reasons for ordering a new trial. We consider the rule adopted by the Missouri Supreme Court an appropriate remedy and hence where, as here, the trial court does not specify with particularity we will presume that the verdict of the jury was correct, placing the burden upon the appellee to convince us that the trial court did not err in ordering a new trial. Any statements in our former decisions, such as in the recent case of State v. Ross, 97 Ariz. 51, 396 P.2d 619, inconsistent with our statements herein are expressly disapproved.

A cursory analysis of the posture of the case as it was submitted to the jury establishes that it is one remarkably free of complexity.

First, only Lim and Crespin testified as to the facts of the accident. Lim's version was:

"Q You don't know what caused the accident?

"A Soft shoulders, and I got too close to the curb.

"Q I didn't hear you. I didn't understand.

"A Soft shoulders, and I got too close to the curb and hit some small rocks.

"Q You didn't see the rocks at all?

"A No, I didn't see them.

"Q Now, you say you got on a soft shoulder. Is that right?

"A Just a little bit too close to the edge of the road.

"Q You drove your car a little bit too close to the edge of the road. Is that right? Is that what you said?

"A Yes, just a little bit.

"Q Off the pavement and on to the dirt shoulder. Is that right?

"A Yes, * * *."

Crespin's version was:

"Q In other words you say he swayed to the left of the road?

"A Yes, sir.

"Q Did you get in the opposite lane of traffic?

"A He straddled the white line anyhow.

"Q And was it at this time that you told him to get back over?

"A That's right.

"Q And then what took place?

"A Well, he came over and just, I'd say about a half a minute or so he started going over to the left again and at that time I turned around and I was going to tell him to turn back or something—I don't recall.

\* \* \* \* \* \*

"A He went over again just like I said about, after that first time we swayed over, about half a minute or maybe less than that, he started going to the left again, and I turned around and when I turned around he took it over to the right. I guess he took it over quite fast, and that's all I can remember.

"Q Do you recall the automobile striking anything at all?

"A No, I don't.

"Q That was the last thing you can recall?

"A  The last thing I can recall."

Second, on the evidence presented the court instructed the jury on the theory of res ipsa loquitur, charging that the jurors might infer negligence if Lim was not able to explain how the accident was caused or "at least be able to show that no failure of duty on his part was a cause."

Third, either at or before trial, the court struck Lim's affirmative defenses—those of joint venture, assumption of risk and contributory negligence. The case was consequently submitted to the trial jury upon the simple issue of whether Lim was negligent in his driving at the time and place of the accident, with the burden upon him to "show that no failure of duty on his part was a cause."

■ On this record, we find it impossible to believe other than that the jury must have found that Lim was without fault. The mere fact that Lim's motor vehicle went off the road does not compel the conclusion that he was negligent in his driving. The doctrine of res ipsa loquitur, as interpreted in this jurisdiction, does not raise a presumption but merely permits an inference of negligence by the jury. Pickwick Stages Corp. v. Messinger, 44 Ariz. 174, 186, 36 P.2d 168. The jury could have drawn an inference of negligence from the facts and circumstances of the case but it was not required to. It was not required to reach a conclusion which is not compelled by force of law and, therefore, it cannot be said that the verdict is contrary to law or without justification in the evidence.

The Crespins argue, however, that "the failure by defendant to control his automobile in such a manner as to avoid a collision is an obvious violation of A.R.S. § 28–701" and hence negligence per se. Section 28–701, A.R.S., (as amended, 1964) requires in part that no person drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. The court below, at the Crespins' request, in essence correctly instructed the jury as to the duty arising under this portion of § 28–701.

■ In Wolfe v. Ornelas, 84 Ariz. 115, 324 P.2d 999, we considered § 28–701 and criticized an instruction which was susceptible of the interpretation that under all conditions one traveling on a favored highway at a lawful rate is required by this statute to approach an intersection at an appropriately reduced speed and if he does not, as a matter of law he is negligent. We said:

"To have a rational meaning the statute must be given the interpretation that if under the conditions because of actual or potential hazards, it is appropriate to reduce an otherwise lawful speed such should be done, otherwise it is not required." 84 Ariz., at 118, 324 P.2d, at 1000.

There is, therefore, a question of fact arising in the application of § 28–701 which requires a jury determination of whether there was known to Lim or should have been known to him that actual or potential hazards existed requiring an appropriately reduced speed.

Implicit in the Crespins' argument is the assumption that Lim had knowledge of or should have known of the existence of a soft shoulder which would require an appropriate reduction in speed. This assumption finds no support in the evidence. There is no factual basis from which the conclusion is required as a matter of law that on this particular highway at the time and place of the accident Lim knew or should have known that a special hazard existed. Consequently, it cannot be said that Lim was guilty of negligence as a matter of law.

The Crespins argue that the verdict was the result of passion and prejudice. During the course of the trial, both parties testified as to evidence from which the jury could have found intoxication on the part of plaintiff Crespin. He urges that the trial court erred in refusing to instruct Lim's counsel that the arguments should be free of any comment concerning the evidence of intoxication. It is argued that such an argument was designed simply to excite the passions and prejudices against Crespin. But we think such argument was proper if for no other reason than that it went to the credibility of Crespin's testimony. The power of a witness's observation and recall is always a matter for investigation at a trial and, necessarily, the subject of comment and argument to the jury.

The same error is claimed to have resulted from the testimony of Lim that "Mr. Crespin wanted to go to Miami to see a girl friend" and the failure of the trial court to instruct counsel not to refer to this testimony in the light of the trial court's action in striking Lim's affirmative defenses of joint venture and assumption of risk. The testimony was of doubtful materiality but the error, if any, was so insignificant as to be inconsequential.

Crespin does not argue in this Court that there were errors in the admission of evidence or instructions to the jury and we will not search the record to speculate on a possible basis for the trial court's conclusion.

Finding no tenable grounds for granting the motion for new trial, the order granting the motion is vacated and set aside and it is ordered that judgment be entered on the jury's verdict in favor of Yoo Thun Lim and his wife.

Reversed.

BERNSTEIN, V. C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concur.