452 P.2d 521

**Charles SCHNEIDER and Dorrene Schneider, his wife, Appellants,**

v.

**CITY OF PHOENIX, a municipal corporation, Appellee.**

**No. 1 CA–CIV 581.**

Court of Appeals of Arizona.

March 26, 1969.

Rehearing Denied April 18, 1969.

Review Denied May 6, 1969.

Minne & Sorenson, by George Sorenson, and Jack C. Cavness and John W. Rood, Phoenix, for appellants.

Perry, Coulter & Head, by Allan K. Perry and Dale A. Head, Phoenix, for appellee.

DONOFRIO, Chief Judge.

Plaintiff, Dorrene Schneider was at the municipal airport of the City of Phoenix

awaiting the arrival of her husband. He was to arrive on an airplane landing at that airport. Mrs. Schneider had purchased a magazine and was seated on one of the cushioned seats provided at the airport. While seated she heard a cracking sound from above. The sound increased in intensity and as she attempted to rise she was struck about the neck and shoulder by a pane or pieces of a pane of glass falling from high up on the curtain wall. At the trial the plaintiffs presented medical evidence concerning the nature and extent of the injuries to Dorrene Schneider.

Testimony of the Airport Director indicated that he did not believe the falling glass was caused by aircraft vibration. An engineering report was introduced into evidence and a principal of the firm which prepared the report testifed as to the contents of the report.

After plaintiffs rested defendant presented no evidence on the issue of liability. The only evidence presented by the defendant was one medical witness who testified as to the extent of the injury. At the close of all the evidence, plaintiffs' motion for a directed verdict on the issue of liability was denied. The case was submitted to the jury. Both parties now agree that the court gave the proper instructions on res ipsa loquitur. The jury found for the defendant and against the plaintiffs. Plaintiffs' motion for a new trial was denied, and from the order denying plaintiffs' motion an appeal was taken.

Plaintiffs raise two issues on appeal. First, should the court have granted plaintiffs' motion for directed verdict on the issue of liability? Second, should the court have granted a new trial on the grounds that there was now "newly discovered material evidence" which could not have been discovered and produced at the trial?

## DIRECTED VERDICT ON LIABILITY

Plaintiffs put forth the theory that the facts of the accident, coupled with defendant's relation to the accident, without further proof of the cause, warranted a presumption of negligence, and the plaintiffs were justified in resting thereon. They further point out that the evidence in this case was sufficient to establish a prima facie case against the defendant. It is plaintiffs' position that if the defendant does not produce evidence of the cause of the accident for which defendant was not liable, or produce some evidence showing that defendant was not otherwise at fault in the matter, then the plaintiffs were entitled to a directed verdict on the issue of liability.

The plaintiffs did not rely on any specific acts of negligence on the part of the defendant, but instead relied upon the doctrine of res ipsa loquitur. There are four conditions which must be met before this doctrine may be applied: (1) The accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) The accident must have been caused by an agency or instrumentality exclusively within the control of the defendant; (3) The accident must not have been due to any voluntary acts by the plaintiff; and (4) Plaintiff must not be in a position to show any specific negligent acts which caused his injury. Eaton Fruit Co. v. California Spray-Chemical Corp., 103 Ariz. 461, 445 P.2d 437 (1968); Snethen v. Gomez, 6 Ariz.App. 366, 432 P.2d 914 (1967).

The propriety of directing a verdict in favor of the plaintiff, after he has met all of these requirements, depends upon the character our Supreme Court has given to the doctrine of res ipsa loquitur. If the doctrine is a true presumption, it would follow that the trial court may direct a verdict if the defendant introduces no evidence. If the doctrine is merely a permissible inference of fact, and not a legal presumption, then it alone could not be a basis for a directed verdict for the plaintiff. If the latter hypothesis is the correct law, then it would be possible, even after the unquestioned establishment of the facts,

for the jury not to infer negligence on the part of the defendant, from the mere happening of the accident and defendant's relationship to the occurrence. A third position would be to place upon the defendant the ultimate burden of proof to prove that the injury was not caused by its negligence. Prosser, "The Procedural Effect of Res Ipsa Loquitur", 20 Minn.Law Review 241 (1936); 41 Neb.Law Review 747 (1962); Restatement Torts 2d § 328D Comment m.

■ Arizona has chosen to follow the majority rule, that the doctrine of res ipsa loquitur does not ordinarily warrant or permit a directed verdict in favor of the plaintiff. Pickwick Stages Corp. v. Messinger, 44 Ariz. 174, 36 P.2d 168 (1934); 97 A.L.R.2d 522. This rule was more recently pronounced in Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809 (1966), wherein it was stated:

"* * * The doctrine of res ipsa loquitur, as interpreted in this jurisdiction, does not raise a presumption but merely permits an inference of negligence by the jury. Pickwick Stages Corp. v. Messinger, 44 Ariz. 174, 186, 36 P.2d 168. The jury could have drawn an inference of negligence from the facts and circumstances of the case but it was not required to. It was not required to reach a conclusion which is not compelled by force of law and, therefore, it cannot be said that the verdict is contrary to law or without justification in the evidence." 100 Ariz. 80 at page 85, 411 P.2d 809 at page 812.

■ The exotic-sounding doctrine of res ipsa loquitur is nothing more than a rule of circumstantial evidence. It precludes the plaintiff from being directed out for failure to show specific acts of negligence, and permits the jury to infer both negligence and causation from the mere occurrence of the event and the defendant's relation thereto. McKeever v. Phoenix Jewish Community Center, 92 Ariz. 121, 374

P.2d 875, 1 A.L.R.3d 957 (1962); McCarthy v. Kenosha Auto Transport Corp., 2 Ariz.App. 620, 411 P.2d 58 (1966); Siebrand v. Gossnell, 9 Cir., 234 F.2d 81 (1956). In fact, although we need not so hold in this case, one authority has pointed out that it is not necessary to even instruct the jury on the doctrine of res ipsa loquitur as long as there are sufficient instructions on burden of proof and circumstantial evidence. Molloy, "Jury Instructions in Arizona", 6 Ariz.Law Review 27, 38 (1964).

Although the doctrine of res ipsa loquitur does not ordinarily authorize a directed verdict in favor of the plaintiff, there is some authority that such action is proper under exceptional circumstances. These circumstances must be such that they raise an inference so strong that reasonable men cannot reject it in the absence of rebuttal evidence. This usually occurs when the defendant has undertaken some special responsibility toward the plaintiff. 97 A.L. R.2d 522, 538; Restatement Torts 2d § 328D Comment m. We do not feel that the facts presented in this case are so exceptional as to raise such a strong inference that reasonable men could not reject it in the absence of rebuttal evidence.

■ We therefore hold that the plaintiffs, under the facts presented in this case, were not entitled to a directed verdict against the defendant on the issue of liability.

## NEWLY DISCOVERED EVIDENCE

The affidavit in support of the motion for a new trial states that the Chairman of the Municipal Aeronautics Advisory Board of the City of Phoenix was told by the Airport Director that the airport management was experiencing difficulties with the glass window panes located at the south end of the lobby at the airport. This difficulty consisted of the windows rattling because of the blast of air from jet aircraft in the vicinity of these windows. In a

**360**

countering affidavit the Airport Director stated that he had in fact made such statement, but that the windows which were rattling were on the south wall west of the passenger concourse, while the glass breakage involved in this lawsuit was from the south wall on the east side of the passenger concourse. He also pointed out that corrective measures had been taken at the time of the rattling, and that there had been no indication of building damage as a consequence of the rattling incidents, and no glass breakage had occurred for more than a year following the incident until the accident occurred which caused the present suit.

Plaintiffs' counsel, in his affidavit in support of his motion for new trial, alleges that this information was not available to him before the trial. He based this allegation on the fact that the Airport Director testified that no difficulty involving the windows had been brought to his attention prior to the events which form the basis of this action. The testimony of the Airport Director was as follows:

"Q Now, Mr. Ralston, just right to the south of this curtain of glass you have the place where your airplanes come in, is that right?

"A Yes, sir, we do.

"Q Jet planes and so on? Has there been any discussion that you know of concerning vibration induced primary (sic) from the operation of aircraft in this area?

"A Sir, none of the panes have ever fallen when there were aircraft operating.

\* \* \* \* \* \*

"Q Have you ever talked about the possibility of vibrations of jets causing panes of glass to fall into that lobby?

"A Oh, yes.

"Q And have you arrived at any conclusion in connection with it?

"A Only that it's had no connection on it."

In order to get a new trial on the grounds of newly discovered evidence, the evidence must be material and not able to be discovered or produced at the trial. Rule 59(a) (4) Arizona Rules of Civil Procedure, 16 A.R.S. We feel that neither of these basic elements are present in this case.

The newly discovered evidence must be such that if it had been introduced there would probably have been a different result. Sabin v. Rauch, 75 Ariz. 275, 255 P.2d 206 (1953), opinion adhered to in 76 Ariz. 71, 258 P.2d 991 (1953); Miller v. Boeger, 1 Ariz.App. 554, 405 P.2d 573 (1965). We are dealing in an area where a great amount of discretion is left in the hands of the trial court. Sabin v. Rauch, supra. The trial court observed the witnesses and the jury and we are hesitant to find an abuse of discretion in this area. After examining the affidavits of both parties, it does not appear to us that there is any great degree of probability that the verdict of the jury would have been different if this "new evidence" had been introduced.

In order to grant a new trial for newly discovered evidence, the evidence must not have been known or discoverable by the movant if he had exercised reasonable diligence. Sabin v. Rauch, supra. We do not feel that the testimony of the Airport Director quoted above was so misleading as to preclude plaintiffs from discovering this evidence through due diligence. No evidence was shown that the plaintiffs interrogated other airport officials or maintenance personnel. Had they done so, they might have discovered that others knew of the rattling windows. It appears that plaintiffs did not do so because they were relying on the doctrine of res ipsa loquitur. City of Tucson v. Sanderson, 104 Ariz. 151, 449 P.2d 616 (1969). Since they failed to show due diligence in discovering these specific acts of negligence, they may not get a new trial on the "newly discovered evidence" of specific

acts of negligence. There was no abuse of discretion in denying the motion.

Affirmed.

STEVENS and CAMERON, JJ., concur.