481 P.2d 549

Wayne O. HOLLAND and Joan Holland, his wife, Hartford Fire Insurance Company, a corporation, Appellants,

v.

James O. KITTERMAN and Mary E. Ferland, d/b/a Ferland Painting & Decorating Co., and Homes & Sons Construction Co., Inc., Appellees.

No. 1 CA–CIV 963.

Court of Appeals of Arizona,
Division 1,
Department B.

March 4, 1971.

Rehearing Denied April 5, 1971.

Review Denied May 4, 1971.

**180**

Herbert Mallamo, Phoenix, for appellants.

Lewis & Roca by Roger W. Kaufman, Phoenix, for appellees.

HAIRE, Judge.

Plaintiff-appellants Holland (homeowners) and Hartford Fire Insurance Company (homeowners fire insurer)[1] have appealed from a judgment entered on a jury verdict for the defendant painting contractor (Ferland) and her employee (Kitterman). The primary contention raised concerns the trial court's failure to give the jury a *res ipsa loquitur* instruction requested by plaintiffs.

Plaintiffs alleged in their complaint both specific acts of claimed negligent conduct and facts and circumstances which indicated an intent to rely upon the doctrine of *res ipsa loquitur*. We have reviewed the evidence and in our opinion the trial court correctly refused to give the requested instruction.

The Arizona Supreme Court has been quite specific as to the elements which must be met before the *res ipsa loquitur* doctrine may be invoked. As stated in Capps v. American Airlines, 81 Ariz. 232, 234, 303 P.2d 717, 718 (1956), these are:

> "The doctrine of *res ipsa loquitur* has been clearly defined by this court in many prior cases. We have said that the conditions necessary for the application of the doctrine are:

> "(1) *The accident must be of a kind which ordinarily does not occur in the absence of some one's negligence;*

> "(2) *it must be caused by an agency or instrumentality within the exclusive control of defendant;*

> "(3) *it must not have been due to any voluntary action on the part of the plaintiff;*

> "(4) *plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury.*" (Emphasis in original).

*See also,* Orlando v. Northcutt, 103 Ariz. 298, 441 P.2d 58 (1968); O'Donnell v. Maves, 103 Ariz. 28, 436 P.2d 577 (1968).

First, considering whether the accident was of a kind which does not ordinarily occur in the absence of someone's negligence, we are faced with the fact that the accident involved here was a fire. The general conclusion which can be gleaned from decisions in other jurisdictions which have considered this question in relation to fires is that fires often occur without anyone being negligent, and the *res ipsa loquitur* doctrine does not really apply to a fire case unless there are unusual circumstances creating an inference of negligence. Dodge v. McFall, 242 Iowa 12, 45 N.W.2d 501 (1951); Oklahoma Tire & Supply Co. v. Williams, 181 F.2d 675 (8th Cir. 1950); Soltz v. Colony Recreation Center, 151 Ohio St. 503, 87 N.E.2d 167 (1949); Rountree v. Thompson, 226 N.C. 553, 39 S.E.2d 523 (1946); Cambro Co. v. Snook, 43 Wash.2d 609, 262 P.2d 767 (1953); 65A C.J.S. Negligence § 220.25 (1966). The above is in accord with the general principles governing the application of the *res ipsa loquitur* doctrine as stated by the Arizona Supreme Court in Capps, *supra*, to the effect that the doctrine applies "only where the physical cause of the injury and the attendant circumstances indicate such an unusual occurrence that in their very nature they carry strong inherent probability of negligence * * *." 81 Ariz. at 234, 303 P.2d at 718–719.

---

1. Pursuant to its insurance contract, Hartford had previously reimbursed the homeowner for fire damage allegedly caused by the negligent acts complained of in this action.

Approximately one week prior to the fire involved here Mrs. Holland had left an aluminum pan on the burner of an electric range in her kitchen while she went out on an errand. She returned to a kitchen full of smoke and a melted pan. She submitted a claim to her insurer, Hartford, and through its representative Hartford made arrangements to re-paint the kitchen, and also to have an electrician examine the heating element involved.

The defendant Kitterman, an employee of the defendant painting contractor, was to do the painting, and arrived at the Holland home at about 8:30 a. m. Mrs. Holland and her children were there at that time. The painter then proceeded to make his preparations for cleaning the smoke and grease from the ceiling, walls and cabinets. He moved a coffee pot, radio and table from the kitchen, moved the refrigerator away from the wall but left it running, and removed the plastic covers from the wall light switches.

Next he spread canvas drop cloths over the entire kitchen area, including the stove and refrigerator, set up his 4-foot stepladder, prepared a detergent and water washing solution, and proceeded to wash the ceiling. In accomplishing this he climbed up and down the ladder and moved it several times.

At the time the drop cloths were placed over the top of the electric range, none of the four burners were on. During this time the Holland children did not enter the kitchen. A few minutes before 9:00 a. m. Mrs. Holland left the house with the children. The painter went outside with her or immediately afterwards, and began mixing paints on the tailgate of his pick-up truck which was parked in the carport. Two or three minutes after the Hollands left, the painter heard a neighbor across the street yell that there was a fire. He looked up and at that instant heard an explosive noise, the kitchen window blew out, and he saw a ball of orange-blue flame shoot out the window and across the driveway. Firemen were called and were able to extinguish the fire within a few minutes. Although the fire did not last more than ten minutes, it was very intense, reached a very high temperature, and greatly damaged the kitchen, a utility room next to the kitchen, and did considerable fire and smoke damage to the remainder of the house. The drop cloths were almost completely consumed by the fire, and the stepladder was completely charred. One fireman testified that after the fire he saw an overturned paint bucket on the floor, with brushes in it. However these brushes were not burned. He also testified that there was a petroleum odor in the kitchen. The painter testified that the only solution he had in the kitchen prior to the fire was the noncombustible water detergent solution.

Plaintiffs' primary contention in the trial court was that the painter had negligently pushed a "high heat" button on the stove during his cleaning procedures, and that the electric burner ignited the canvas drop cloths and the fire resulted. Evidence in support of this contention showed that immediately after the fire various witnesses observed that the high heat button was in the depressed "on" position. Also expert testimony was presented involving heat discoloration of the control panel buttons which tended to support the theory that this high heat button was depressed during the fire. The painter denied that he had pushed any of these buttons, but on cross-examination admitted that in the course of using his ladder and moving about during the cleaning operation he "possibly" could have pushed a button on the stove's control panel.

During the course of the trial, the defendants, through questioning of the witnesses, attempted to show that the fire may have been caused by a gas leak, unextinguished cigarettes (Mr. Holland's), electrical shorts in the wiring of the house, and possibly from defective appliances. However, while the testimony did not entirely eliminate these possible causes of the fire, on the other hand there was no affirmative.

evidence that the fire was in fact caused by any of these possible causes.

■■ In considering plaintiffs' contention that a *res ipsa loquitur* instruction should have been given based upon the foregoing facts, we must keep in mind that the trial court allowed plaintiffs' case to go to the jury under a general negligence instruction, and in our opinion, correctly so. Without question there was adequate evidence from which a jury could have found that the fire was caused by the stove burner igniting the drop cloths, and that the painter's conduct in relation thereto was negligent. If the instrumentality which caused the fire was the stove, then plaintiffs did not need *res ipsa loquitur* to aid them in proving their case. Plaintiffs have shown that they were in a position to show the circumstances surrounding the particular "offending agency or instrumentality". *Res ipsa loquitur,* if applicable in this case, must have reference to some other defendant-controlled instrumentality which might have caused the fire. Suffice it to say that plaintiffs have failed to show what other possible fire-causing instrumentality might be involved, and, *a fortiori* have not shown that defendants had exclusive control of any such other instrumentality. *See* Snethen v. Gomez, 6 Ariz.App. 366, 432 P.2d 914 (1967).

■ We recognize that evidence of specific negligence does not always prevent reliance upon *res ipsa loquitur.* Throop v. F. E. Young & Co., 94 Ariz. 146, 382 P.2d 560 (1963); Annot. 33 A.L.R.2d 791 (1954); 2 F. Harper & F. James, The Law of Torts § 19.10, at 1096 (1956). However, for the reasons set forth above, we do not believe that a *res ipsa loquitur* instruction was warranted in this case. Also, in reviewing the plaintiffs' proposed *res ipsa loquitur* instruction, we note that it does not represent a correct statement of the law and for that further reason it was not error for the trial court to refuse to give the same. Valley Nat. Bank v. Witter, 58 Ariz. 491, 121 P.2d 414 (1942); Hammels v. Britten, 53 Ariz. 112, 85 P.2d

992 (1939); Mutual Benefit H. & A. Ass'n v. Neale, 43 Ariz. 532, 33 P.2d 604 (1934). A portion of the proposed instruction reads as follows:

> "From the happening of the fire involved in this case, an inference arises that a proximate cause of the occurrence was some negligent conduct on the part of Defendants herein. That inference is a form of evidence and unless there is contrary evidence sufficient to meet or balance it, the jury *should find in accordance with the inference,* that is, that Defendants were negligent and such negligence proximately caused the fire." (Emphasis supplied).

It would have been error to so instruct the jury under the circumstances here involved. In this jurisdiction *res ipsa loquitur* does not raise a presumption, but merely a permissible inference. The jury is *permitted* to infer negligence from the circumstances, but is not *required* to do so even in the absence of rebutting evidence. Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809 (1966); Eaton Fruit Co. v. California Spray-Chemical Corp., 103 Ariz. 461, 445 P.2d 437 (1968); Schneider v. City of Phoenix, 9 Ariz.App. 356, 452 P.2d 521 (1969).

■ Under unusual circumstances the *res ipsa loquitur* inference may be so strong as to support a directed verdict for the plaintiff or may be completely dispelled by rebuttal evidence as where twelve reasonable men could not come to any other conclusion, Eaton, *supra*; Schneider, *supra.* However such circumstances were not present in the case under consideration.

■ We hold that the judgment entered on the jury verdict for the defendant painter and his employer, the painting contractor, must be affirmed. Because of this conclusion, we need not consider plaintiffs' additional contention that the trial court committed error in directing a verdict for the general contractor, Homes & Sons Construction Co., Inc. In the absence of liability on the part of the defendant painter, no vicarious liability could ultimately

attach to Homes & Sons. Even if the trial court prematurely directed a verdict for Homes & Sons, the error was harmless in view of the final result.

The judgment is affirmed.

JACOBSON, P. J., and EUBANK, J., concur.