[Civil No. 3699.   Filed December 7, 1936.]

[63 Pac. (2d) 192.]

DARIEN  KARTCHNER, Appellant, v.  HENRI-
ETTA KARTCHNER, Appellee.

Mr. W. E. Ferguson, for Appellant.

Mr. T. C. Hoyt, for Appellee.

LOCKWOOD, C. J.—This is an appeal from a judg-
ment of divorce rendered in favor of Henrietta
Kartchner, hereinafter called plaintiff, and against
Darien Kartchner, hereinafter called defendant.  The
pleadings in the case show a rather peculiar situation.
The original complaint, filed April 23, 1934, was based
on an alleged abandonment of plaintiff by defendant,
which it was claimed occurred on August 24, 1933, and
asks for separate maintenance.   Defendant answered,
denying the abandonment, and cross-complained, ask-

ing for a divorce on the grounds of cruelty. The case was tried before the court sitting without a jury, in the early part of September, 1934, and taken under advisement. On January 8, 1935, plaintiff asked leave to amend her complaint by asking for an absolute divorce, instead of separate maintenance, which leave was granted, and on the 21st of January, 1935, the court rendered judgment in favor of plaintiff, ordering that the defendant pay $25 per month alimony, and $75 attorney's fee, whereupon this appeal was taken.

■ Under the law of Arizona, a wife who has been abandoned by her husband may commence a suit for separate maintenance at any time after the abandonment, but may not ask for an absolute divorce until such abandonment has continued for a period of at least one year. Plaintiff alleged the abandonment to have occurred on August 24, 1933. When, then, she brought her suit for separate maintenance in April, 1934, she was not in a position to ask for a decree of divorce, since the abandonment had not continued for the statutory period. When the case came on for trial upon the pleadings, in which she asked for separate maintenance only, the abandonment had then continued a few days over the year, but there was no request for an amendment of the pleadings at that time. It was not until several months after the court had heard the evidence that, for the first time, she asked for a divorce. It is obvious that, under these circumstances, defendant might have objected to the amendment, on the ground that it was a departure from the original cause of action. *Kunselman* v. *Southern Pac. R. Co.*, 33 Ariz. 250, 263 Pac. 939. This, however, he did not see fit to do, and we therefore consider the case as though the pleadings were perfectly regular, for, at the time the amendment was filed, the alleged abandonment had continued for

a period of over a year, and the judgment was rendered on the amended complaint.

■■ The briefs are somewhat voluminous and the evidence taken at the trial composes a transcript of over 300 pages, but there is only one simple issue for this court to determine, and that is, whether or not there is sufficient evidence in the record to justify the trial court in granting the divorce, which each party desired, to plaintiff instead of to defendant. We have examined the evidence carefully. It shows the usual sharp conflict found in contested divorce cases. If plaintiff and her corroborating witnesses are to be believed, the defendant deliberately abandoned her without any legal justification therefor. If, on the other hand, defendant and his witnesses tell the truth, she drove him from the common domicile without any reasonable excuse. In such cases, we have always held that we will not review nor disturb the findings of the trial court. It is unnecessary for us to set forth the evidence in detail, as it would afford no useful precedent for future cases. The property issues were disposed of in favor of defendant, and plaintiff has made no objection to that. The trial court granted alimony to plaintiff. This it had the right to do, under the theory of the case as presented by the plaintiff.

The judgment is affirmed.

McALISTER and ROSS, JJ., concur.