172 P.2d 848

**JOHNSON v. JOHNSON.**

No. 4850.

Supreme Court of Arizona.

Sept. 16, 1946.

George D. Locke, of Phoenix, and Byron M. Partridge, of Prescott, for appellant.

Edward P. Cline and Joe Conway, both of Phoenix, for appellee.

MORGAN, Judge.

The parties to this action were married in Mesa, Arizona, January 6, 1937. Two children were born, both boys, whose ages at the time of the trial were seven and five respectively. Appellant, as plaintiff, brought action for divorce on January 4, 1945, and for the custody of the two children. The defendant-appellee filed a cross-complaint for divorce and for custody of the two children. The grounds of both the complaint and cross-complaint were certain alleged excesses and cruel treatment which need not be referred to in this opinion. During the month of November, 1944 plaintiff left the home of the parties at Mesa, and with her two children resided in Phoenix.

The cause was tried beginning the 24th day of May, 1945. Following the trial, on the 29th day of May the court ordered a decree of divorce in favor of defendant, and awarded the custody of the children to him. Prior to the entry of a formal written judgment on June 23, plaintiff filed motion to vacate the order for judgment, and for rehearing. The motion was supported by numerous affidavits which tended to show that plaintiff was a fit and proper person to have the care and custody of the children, and further disclosing that she had properly cared for them since birth. The testimony sought to be produced on the rehearing either directly or indirectly contradicted much of the testimony which had been adduced on the part of defendant at the trial in so far as the issue pertaining to the children and the moral character of plaintiff was concerned. The court denied the motion, entered judgment in accord-

ance with the previous order, and also denied application for plaintiff's costs on appeal and maintenance pending the determination of the action on appeal.

The evidence submitted at the trial covers some five hundred pages. There were numerous exhibits and a rather voluminous deposition. We have carefully read and examined the testimony. The case is of a rather sordid character. The evidence as originally introduced and admitted at the trial sustains the court's judgment. Smith v. Smith, 61 Ariz. 373, 149 P.2d 683. The testimony, it is true, is conflicting but is ample to sustain the judgment on appeal, under the rule which has been repeatedly restated. Kartchner v. Kartchner, 48 Ariz. 498, 63 P.2d 192; Bradstreet v. Bradstreet, 34 Ariz. 340, 271 P. 717; Tyson v. Tyson, 61 Ariz. 329, 149 P.2d 674; Smith v. Smith, supra.

We think, however, the court erred in denying plaintiff's motion to reopen the case and introduce testimony particularly concerning her right to the custody of the children and as to her reputation for morality. Ordinarily the reopening of a case for further testimony is a matter within the discretion of the court. When custody of children is involved in a divorce proceeding, it seems to us to be the duty of the trial court to hear all competent evidence which may be offered. The care and custody of children of tender years are of paramount consideration. Ample reasons were alleged in the motion excusing plaintiff's failure to present this testimony at the trial. Plaintiff was obviously surprised by the evidence submitted by defendant, which went far beyond the scope of the pleadings, and by the excusing of a witness, without notice or order of the court, upon whom she relied. Upon the showing made, the court abused its discretion in denying plaintiff's motion to submit the offered testimony. If the witnesses had been heard, it might well be that the court would have come to the conclusion that the mother was the proper person to have the care and custody of these children of tender years. The law of this jurisdiction is that where custody of children of tender years needing a mother's care and attention, is involved "all other things being equal, preference should be given her in its award." McFadden v. McFadden, 22 Ariz. 246, 196 P. 452, 453; Bradstreet v. Bradstreet, supra. The court had a right to hear and consider such testimony. Section 21-1304, A.C.A.1939: " * * * On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." See also section 27-811, A.C.A.1939, which authorizes the court after entry of final judgment in a divorce action to revise and alter such portions of the decree in among other things, respecting the care and custody or maintenance of the children of the parties.

The court, in its discretion, might have required the defendant to pay expenses of the appeal. The statute does not so expressly provide, but we have held that section 27-811, supra, "permits the trial court to make such an order 'in furtherance of the appeal.' " Ackel v. Ackel, 57 Ariz. 14, 110 P.2d 238, 241, 133 A.L.R. 549. It has consistently been held by this court, however, that matters of this character are within the discretion of the trial court. The rule is largely based upon the fact that the husband controls the community property of the parties. Here the testimony indicates that the community property was of little value. Nor does the evidence show that defendant was possessed of means to advance the expenses of the appeal. We, therefore, cannot say that the court abused its discretion in denying this application.

The judgment of the court is affirmed except as to the provisions thereof relating to the care and custody of the minor children of the parties. The order awarding the custody and control of the children to the defendant is set aside, and the cause remanded with directions to grant plaintiff's motion for a rehearing on that phase, and to permit the offered testimony pertaining to the question of the care and custody of the minor children. Costs of appeal are allowed to the plaintiff.

STANFORD, C. J., and LA PRADE, J., concurring.