No. 21687.

JOHN M. GARRETT *v.* WILLIAMS S. OSBORN, MRS. CARL R. OSBORN, A/K/A ZOE OSBORN, LIDA M. OSBORN, OSBORN LAND AND CATTLE CO., A COLORADO CORPORATION, AND O. G. CATTLE CO., A PARTNERSHIP IN WHICH JOHN M. GARRETT, WILLIAM S. OSBORN, AND MRS. CARL R. OSBORN DO BUSINESS AS CO-PARTNERS.

(431 P.2d 1012)

Decided October 2, 1967.

CALKINS, KRAMER, GRIMSHAW & CARPENTER, RICHARD
L. HARRING, for plaintiff in error.

YOUNG and YOUNG, for defendants in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

PLAINTIFF in error Garrett was the plaintiff in the trial court, and the defendants in error occupy the same relative position they now have in this court. The trial was to the court without a jury.

Garrett sought to recover a balance of $37,000 he claimed to be due from the total of $72,000 he had advanced and paid to the individuals, the corporation, and the co-partnership named as defendants, some of whom by counterclaim demanded general, special, and punitive damages against him in the sum of more than $200,000.

After a two-day trial involving the introduction into evidence of approximately one hundred group and in-

dividual exhibits; hearing extended evidence by the defendants; and considering the brief filed by counsel for defendants; the court below decided the case on the basis that notwithstanding interrelated corporation, partnership and individuals involved, and the varied, numerous and complicated pleadings and interdealings of the parties, the corporation and partnership comprised a single enterprise. The court then arrived at a partnership accounting and entered judgment in favor of William S. Osborn, one of the partners and one of the individual defendants, and against the plaintiff Garrett and against a defendant Mrs. Carl R. Osborn in the respective amounts of $652.54 and $326.10; and finally it dissolved the partnership and dismissed the defendants' counterclaim and the complaint.

Plaintiff through his present counsel, who did not participate in the trial, filed and argued a motion for a new trial, one of the grounds of which was that plaintiff was denied a fair trial by reason of inadequacy of legal representation. The motion was denied and final judgment entered. This writ of error challenges the judgment of the trial court by four assignments of error, one of which was the above stated lack of adequate representation.

In the judgment complained of in this writ of error, the trial court entered findings which included the following:

"2. The Court has had no assistance from counsel for the plaintiff in this case. At no time during the trial nor at the pre-trial conference or the other hearings has counsel offered any argument or discussion or explanation of the issues. Quite obviously, whatever the reason, plaintiff has not been adequately represented in this litigation.

"3. Trial was held on June 18th and 19th, 1964, and respective counsel were granted time to file briefs. Counsel for defendants have done so. Plaintiff's counsel, although the time for his brief has expired, has filed

none. He has excused his failure to offer discussion or argument or even statement of the issues, by the non-cooperation of his client. However that may be, it does not maintain as to his failure to file brief."

Examination of the full record shows conclusively that the lawyer purporting to represent Garrett utterly failed to adequately represent his interest in the controversy, and the above quoted findings of the trial court were overwhelmingly supported by the record. The shortcomings in the conduct of counsel for Garrett are so flagrant and so numerous that a fair trial of the case was denied his client. When lack of adequate representation was made a ground for granting a motion for a new trial, and the court found as a fact that Garrett's case was not adequately presented, a new trial should have been granted.

There can be no doubt that the substantive rights of Garrett were adversely affected by the palpable malfeasance, misfeasance and nonfeasance of his counsel. We take judicial notice of the fact that for reasons other than conduct involved in this case, Garrett's trial attorney has been disbarred. The common law recognized that incompetence or neglect of counsel, under some circumstances, will entitle a litigant to a new trial. See *Whereatt v. Ellis*, 70 Wis. 207, 35 N.W. 314.

The judgment is reversed and the cause remanded for a new trial.

Mr. Justice Hodges and Mr. Justice Kelley concur.