516 P.2d 328

**Don GREENWELL and Jane Doe Greenwell, his wife, Appellants,**

v.

**Dennis W. SPELLMAN and Catherine T. Spellman, his wife, Appellees.**

**No. 10749.**

Supreme Court of Arizona,
In Division.

Dec. 3, 1973.

Westover, Keddie, Choules, Shadle & Bowen by Ted B. Bowen, Yuma, for appellants.

Ralph F. Brandt, Yuma, for appellees.

HOLOHAN, Justice.

This appeal was brought by Don Greenwell and his wife, hereinafter referred to as defendants, from a judgment in favor of Dennis W. Spellman and Catherine T. Spellman, hereinafter referred to as plaintiffs, in a quiet title action to certain property in Yuma County, Arizona.

The property involved is located north of Parker, Arizona. Plaintiffs are the

owners of Lot 9 in Rivers Bend Subdivision while defendants are the owners of Lot 8 in the same subdivision. Both properties abut the Colorado River on the west side and both are divided by a north-south roadway.

From 1952 to 1959, Lot 9 was owned by Norman Johnson. The defendants purchased Lot 8 in 1952, and the following year they built a concrete wall on the northern side of the west portion of their lot. A conversation between the two lot owners took place as to whether or not this wall encroached on Lot 9, but apparently the matter was not pursued.

In 1959, Lot 9 was purchased by Inez M. Sweringen and Leslie Rae Shoemake, and they in turn sold the lot to the plaintiffs. In 1966, the year of plaintiffs' purchase, defendants constructed a cement slab, 10 feet by 45 feet, on the east portion of Lot 8, approximately in line with the concrete wall on the west portion. The plaintiffs immediately had a survey made on Lot 9 and determined that parts of both the concrete wall and cement slab were inside their property line. Plaintiffs had a chain link fence constructed to mark the boundary line between the two lots. The fence was subsequently torn down by the defendants, and thereafter this action was initiated.

Plaintiffs sought to quiet title to Lot 9 as shown by their survey. The defendants filed a counterclaim alleging ownership of the property south of the concrete wall and in a line extending east from the northern edge of the wall to the eastern boundary of Lot 9 by reason of adverse possession.

The trial of the case commenced January 25, 1968, and plaintiffs presented their case. Since the defendants were unable to be present in person, the trial was continued until March 6, 1968. At that time, defendants presented their case and both sides rested.

On May 20, 1968, judgment was ordered (for plaintiffs) fixing the boundary between the lots as the concrete wall and an imaginary line extending from the wall to the western and eastern boundaries of the properties. The defendants submitted a form of judgment which was objected to by plaintiffs, and they asked for a rehearing. A motion for mistrial or rehearing was subsequently filed by the plaintiffs which also included a request for new trial.

After argument was heard by the trial court, on July 28, 1969 the court made an amended order for judgment and then a final judgment on December 22, 1969, fixing the boundary to Lot 9 as the property north of the concrete wall for the length of its east-west extension and along the short north-south extension, then east on the platted boundary line (S 89° 59′ W) to its eastern boundary.

Defendants filed a motion asking for a mistrial, rehearing, or new trial. The motion for rehearing was granted and the judgment set aside. The order of the court was " . . . that defendants' motion for re-hearing to supplement the testimony of record may be granted. . . ."

On March 6, 1970, the rehearing was held and testimony heard. At the beginning of the rehearing, the defendants made a request for findings of fact and conclusions of law. This was objected to as not timely made.

On June 1, 1970 the court, in its order for judgment, denied defendants' request for findings and conclusions, holding it was made only at a supplemental hearing and not at the commencement of trial. It then reinstated the amended judgment. The court filed its final judgment June 10, 1970.

The first determination to be made is whether the ruling of the trial court denying defendants' request for findings of fact and conclusions of law was proper. If the request was timely the trial judge would be required to make findings.

Rule 52(a), 16 A.R.S. of the Arizona Rules of Civil Procedure provides in part:

"In all actions tried upon the facts without a jury or with an advisory jury,

the court, *if requested before trial, shall find* the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." (Emphasis added.)

The requirements of the rule have been held to be mandatory on the trial court. Keystone Copper Mining Co. v. Miller, 63 Ariz. 544, 164 P.2d 603 (1945).

The vital part of the rule, for the purposes of this case, is that portion which reads, "if requested before trial." It is the defendants' contention that there were two trials, separated by a year and five months. They argue that the motion made prior to the testimony given at this second "trial" was thus made before trial and therefore seasonably made and mandatory. Prior to the amendment of Rule 52(a) a request for findings was timely if made prior to judgment. Valley National Bank v. Shumway, 63 Ariz. 490, 163 P.2d 676 (1945). As amended the rule now requires that the request be made prior to trial. Myers-Leiber Sign Co. v. Weirich, 2 Ariz.App. 534, 537, 410 P.2d 491 (1966). The critical issue for determination is whether there were two trials or only one.

■ Twice the defendants moved for a rehearing, once coupled with an objection to the form of judgment and once with a motion for mistrial. At the trial court level there is, strictly speaking, no such proceeding as a rehearing. By whatever label given by the parties and the trial court it appears that the court permitted the case to be reopened for additional testimony under Rule 59(b) of the Arizona Rules of Civil Procedure.

"59(b) Scope. A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials are authorized by law or rule of court. *On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law*

*or make new findings and conclusions, and direct the entry of a new judgment."* (Emphasis added.)

■■ The provisions of the above rule permit the trial court in cases tried without a jury to reopen the case for the introduction of additional testimony. The reopening of a case for further testimony is a matter within the discretion of the court. Johnson v. Johnson, 64 Ariz. 368, 172 P.2d 848 (1946). The record indicates that defendants moved for the rehearing, so they cannot now complain that they were prejudiced by the court granting their motion.

■ Analysis of the proceedings shows a mere continuance of the same trial with the plaintiffs introducing one new witness and the defendants introducing three of their previous witnesses. The same exhibits were used and no attempt was made to have them reintroduced. The obvious conclusion is that no new trial was granted and the defendants' motion for findings came too late. Myers-Leiber Sign Co. v. Weirich, *supra*.

■ The remaining two issues presented by the defendants may be summarized into one question, namely, whether the evidence sustained the claim of the defendants to having established by adverse possession a boundary line different from that established by the trial court.

The trial court established the wall on the western portion of the property along its east-west extension as the boundary line for that portion of the property, but the trial court rejected the claim of the defendants that the boundary of the eastern portion should be an imaginary line running from the wall to the eastern boundary.

Neither the plaintiffs nor the defendants question the judgment of the trial court in establishing the boundary line for the western portion of the properties. The dispute is limited to the boundary line for the eastern portion of the properties.

The evidence was conflicting as to what line had been claimed or acknowledged by

the parties for the eastern portion of the property. The evidence was in conflict as to whether certain salt cedar trees were planted as a boundary line or whether they were just natural growth. The presence and purpose of other items on the properties were also in dispute.

The evidence being in conflict, it was the province of the trier of fact, the trial judge, to decide the issue. The determination of the credibility of the witnesses and the weight of the testimony given are matters for the trial judge. Rogers v. Greer, 70 Ariz. 264, 219 P.2d 760 (1950); Todaro v. Gardner, 72 Ariz. 87, 231 P.2d 435 (1951). If there is any reasonable evidence to support the decision of the trial court an appellate court will uphold it. A. N.S. Properties, Inc. v. Gough Industries, Inc., 102 Ariz. 180, 427 P.2d 131 (1967); Kellogg v. Bowen, 85 Ariz. 304, 337 P.2d 628 (1959). From our review of the record we are satisfied that there is competent evidence to support the decision of the trial court.

Affirmed.

HAYS, C. J., and CAMERON, V. C. J., concur.