669 P.2d 987

**Virginia MELCHER, Petitioner/Appellee,**

v.

**Milton A. MELCHER,
Respondent/Appellant.**

**No. 2 CA–CIV 4562.**

Court of Appeals of Arizona,
Division 2.

May 3, 1983.

Douglas G. Parker, Phoenix, for petitioner/appellee.

Cole & O'Neil by A. Thomas Cole, Casa Grande, for respondent/appellant.

## OPINION

BIRDSALL, Judge.

An order granting a new trial on the issue of spousal maintenance is the subject of this appeal.[1] We affirm.

A brief review of the record is as follows. After a trial in October 1981, a dissolution was decreed February 1, 1982. At the time of trial, Mrs. Melcher, who was 51 years old, was convalescing from back surgery performed in July 1981 and the medical prognosis was that she could return to her employment as a switchboard operator approximately six months from the time of surgery. Prior to the parties' first marriage in 1959, she had worked as a switchboard operator at the telephone company. She and her husband were subsequently divorced in 1962, and, until their remarriage several months later, she had worked as a sales clerk at J.C. Penney. Upon remarriage, she terminated the employment and had been a housewife since then.

Mrs. Melcher testified that she was still having problems with her back and that her switchboard training was obsolete. Therefore, she wanted to go to school for training in computer data processing, a program which required four semesters of work. If she completed the program, she would be able to earn approximately $25,000 annually. Mr. Melcher, at the time of trial, earned almost $40,000 per year and had been employed by ASARCO for 25 years. He had a degree in mining engineering. The parties' had one son, age 15.

The decree of dissolution awarded custody of the son to Mrs. Melcher and required Mr. Melcher to pay child support in the sum of $450 per month. The community residence was ordered to be sold as soon as practicable and each party was to receive one-half of the net proceeds of the sale. Until it was sold, Mrs. Melcher was to have the use and enjoyment of the property and in lieu of spousal maintenance, Mr. Melcher was to make the house and pool payments, and pay the taxes and insurance until the house was sold, but for a period not to exceed six months. If the house did not sell within six months from the date of the decree, the parties were each to be responsible for one-half of those payments. The remainder of the community property was divided between the parties and Mrs. Melcher opted to take the cash equivalent of her interest in her husband's retirement benefits. Mr. Melcher was ordered to pay all of the existing debts of the community.

Mrs. Melcher's motion for a new trial was made on the grounds that there was newly-discovered material evidence which, with reasonable diligence, could not have been discovered and produced at trial and that the judgment was contrary to law. The thrust of the motion was (1) that Mrs. Melcher should be allowed to reopen the judgment to show new evidence of disability entitling her to spousal maintenance and (2) the court erred in limiting the duration of spousal maintenance to six months. As to the first ground, the memorandum recited that Mrs. Melcher's progress had not been as rapid as expected and that her disability had continued beyond the January 1, 1982, date projected by her physician as to when she would be able to return to work. As to the second ground, it was urged that the court had not applied the factors to be considered in spousal maintenance determinations and therefore erred in the six-months' limitation.

In granting the motion, the trial judge stated that in order to determine whether or not Mrs. Melcher is able to support herself through appropriate employment due to her asserted physical inability to be employed gainfully and whether or not sufficient property is available to her to provide to her the necessities of life in view of the duration of the marriage, her lack of recent employment history, her recent operation and the asserted slowness of her recovery, a new trial on the spousal maintenance issue was proper.

---

1. In reality the trial court ordered the taking of additional testimony. The use of the word "new" trial is not technically correct.

■ The granting of a new trial is discretionary with the trial court. *City of Glendale v. Bradshaw,* 114 Ariz. 236, 560 P.2d 420 (1977); *Ehman v. Rathbun,* 116 Ariz. 460, 569 P.2d 1358 (App.1977). Appellate courts are more liberal in sustaining an order granting a new trial then one denying a new trial. *Caldwell v. Tremper,* 90 Ariz. 241, 367 P.2d 266 (1962). Absent a manifest abuse of discretion, we do not interfere.

Appellant contends that the record shows such abuse of discretion because of the insufficiency of the showing of newly-discovered evidence in support of the motion for new trial. The cases he cites, however, are situations where on appeal an order denying a new trial was affirmed. *See e.g., Sabin v. Rauch,* 75 Ariz. 275, 255 P.2d 206 (1953); *Schneider v. City of Phoenix,* 9 Ariz. App. 356, 452 P.2d 521 (1969); *Williams v. Nall,* 4 Ariz.App. 416, 420 P.2d 988 (1966).

Appellant complains because appellee's motion was unsupported by affidavit or otherwise to show that the newly-discovered evidence could not have been discovered with reasonable diligence and that it existed at the time of trial. He relies on *Rogers v. Ogg,* 101 Ariz. 161, 416 P.2d 594 (1966) in which our supreme court held that a new trial should not be ordered based on newly-discovered evidence claiming to show a changed condition subsequent to trial. *Rogers,* however, was an action for personal injuries, and the defendant was attempting to obtain a new trial by showing that, in view of the plaintiff's ability to graduate high school and complete six semesters of college, he could not have suffered brain damage. The "newly-discovered evidence" was presented to the trial court about two months after the supreme court had affirmed a judgment entered on a $100,000 jury verdict for the plaintiff.

■ We do not believe the instant case has even a remote resemblance to *Rogers.* Here we have a situation where just a few weeks before trial appellee's doctor was of the opinion that she would be able to work within six months. The trial court apparently relied on this prognosis by requiring appellant to maintain the residence for a maximum period of six months. It has been held that a trial court may, in the exercise of its discretion, consider a newly-formed expert opinion. *Anderson v. Howland,* 3 Cal.App.3d 380, 83 Cal.Rptr. 308 (1970) (opinion was formed and communicated to counsel after trial). We cannot say the trial judge erred in not rejecting appellee's bare assertion as to her slow progress, although had he done so we probably would have deferred to his decision. The trial judge is in the best position to assess the adequacy of the showing in support of a new trial motion.

A.R.S. § 25–319 authorizes the court to grant a maintenance order only if it finds that the spouse seeking maintenance lacks sufficient property to provide for his or her reasonable needs *and* is unable to support himself or herself through appropriate employment. In not awarding spousal maintenance to Mrs. Melcher, the trial court apparently concluded that her share of the community property and her ability to work within a few months obviated the need for a maintenance award. One relevant factor is the age, employment history, earning ability and physical and emotional condition of the spouse seeking maintenance. A.R.S. § 25–319(B)(5). The trial judge, in granting the new trial as to spousal maintenance, was obviously concerned with this particular factor.

Rule 59(b), Rules of Civil Procedure, 16 A.R.S., provides:

"On a motion for new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

■ The provisions of the above rule permit the trial court in cases tried without a jury to reopen the case for the introduction of additional testimony. A motion to reopen is the proper procedure for seeking relief on the basis of post-trial events. *Contempo Metal Furn., etc. v. East Tex. Mtr., etc.,* 661 F.2d 761 (9th Cir.1981).

The reopening of a case for further testimony is a matter within the discretion of the court. *Greenwell v. Spellman*, 110 Ariz. 192, 516 P.2d 328 (1973); *Johnson v. Johnson*, 64 Ariz. 368, 172 P.2d 848 (1946).

Considering all the circumstances and particularly Mrs. Melcher's age, lack of a work record, and the duration of the marriage, we cannot say that the trial court abused its discretion in permitting her to present additional testimony as to her physical condition. We reject appellant's attack on the new trial order.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.