707 P.2d 948

Nancy Kabat NORDENSSON,
Petitioner/Appellee/Cross-Appellant,

v.

Jeffrey Alan NORDENSSON,
Respondent/Appellant/Cross-Appellee.

No. 2 CA–CIV 5225.

Court of Appeals of Arizona,
Division 2, Department B.

April 11, 1985.

Rehearing Denied May 24, 1985.

Review Denied Oct. 22, 1985.

McCarthy & Sandman by Kathleen Alistair McCarthy, Tucson, for petitioner/appellee/cross-appellant.

Mesch, Clark & Rothschild, P.C. by Douglas H. Clark, Jr., Tucson, for respondent/appellant/cross-appellee.

## OPINION

HATHAWAY, Judge.

This appeal arises from the disposition of a petition for dissolution filed December 8, 1980, in the Superior Court of Pima County. Trial was held without a jury December 9, 1983, and the matter was taken under advisement. On February 28, 1984, the decree of dissolution was entered. Motions for new trial for relief from final judgment, to alter or amend judgment, or to reopen judgment were filed and argued by appellee Nancy Nordensson. Appellee thereafter obtained new counsel and filed new motions for relief from final judgment and to reopen judgment. Pursuant to Rules 59 and 60(c), Rules of Civil Procedure, 16 A.R.S., these motions contained allegations that appellee's second attorney had failed to present some evidence at trial as well as to call witnesses that appellee and her third attorney thought should have

been offered. The court granted appellee a new trial by minute entry dated May 8, 1984.

Due to an oversight, the order presented to the court was signed but never filed with the clerk. Meanwhile, a motion to clarify judgment was filed. Appellee requested that the trial court specify the grounds for the new trial in accordance with Rules 59(h) and (g). The trial court then ruled:

"THE COURT FINDS that a new trial on all issues, except the status of the marriage, is justified, for the reason that the interest of justice requires a total new trial, except on the issue of the status of the marriage, because of the ineffective assistance of counsel for the petitioner."

Appellant Jeffrey Nordensson appeals from the granting of a new trial on the specified grounds.

On appeal, appellant presents two questions for review: (1) Can a new trial be granted in a domestic relations matter for ineffective assistance of counsel at trial? (2) If a new trial can be granted for such reason, has it been shown that petitioner's counsel was ineffective?

## INEFFECTIVE ASSISTANCE OF COUN- SEL AS GROUNDS FOR A NEW TRIAL UNDER RULE 59(a).

Rule 59(a) specifies eight grounds for granting of a new trial. Ineffective assistance of counsel is not mentioned among them.

"Rule 59(a) Procedure; grounds. A verdict, decision or judgment may be vacated and a new trial granted on motion of the aggrieved party for any of the following causes materially affecting his rights:

1. Irregularity in the proceedings of the court, referee, jury or prevailing party, or any order or abuse of discretion, whereby the moving party was deprived of a fair trial.

2. Misconduct of the jury or prevailing party.

3. Accident or surprise which could not have been prevented by ordinary prudence.

4. Material evidence, newly discovered, which with reasonable diligence could not have been discovered and produced at the trial.

5. Excessive or insufficient damages.

6. Error in the admission or rejection of evidence, error in the charge to the jury, or in refusing instructions requested, or other errors of law occurring at the trial or during the progress of the action.

7. That the verdict is the result of passion or prejudice.

8. That the verdict, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law."

■ Granting a new trial under Rule 59 is discretionary with the trial court. "Appellate courts are more liberal in sustaining an order granting a new trial than one denying a new trial.... Absent a manifest abuse of discretion, we do not interfere." *Melcher v. Melcher*, 137 Ariz. 210, 212, 669 P.2d 987, 989 (App.1983). Attorney misconduct can be a basis for granting a new trial in Arizona. *King v. Superior Court*, 138 Ariz. 147, 673 P.2d 787 (1983). However, "a party's mere dissatisfaction with his own counsel or allegations of his own counsel's neglect, inadvertence, or mistake do not justify the granting of a new trial in civil cases." 138 Ariz. at 151, 673 P.2d at 801.

■ The trial court ordered a new trial without any particularity as to what conduct by appellee's attorney justified it. Appellee argues that the failure of prior attorneys to properly question appellee's expert on the proper valuation of the community corporation, as well as failure to call an expert to testify about her health, and the stipulation of the family home being a separate asset of her spouse without arguing for a community lien based on value at dissolution, all resulted from incompetent counsel, justifying the granting of a new trial. We have no indication from the trial court that these omissions in fact formed the basis for ordering a new trial. Rule 59(m) requires that a judge must record the reasons with particularity in granting a

new trial. *Reeves v. Markle*, 119 Ariz. 159, 579 P.2d 1382 (1978). This was not done. A bald declaration of ineffectiveness of counsel does not meet the requirements of Rule 59(m). For an example of a sufficiently definite trial court order in a domestic relations case, see *Keller v. Keller*, 137 Ariz. 447, 449, 671 P.2d 425, 427 (App. 1983), in which the trial record clearly stated that the motion for new trial was granted "in application of the test set forth in *Simpson v. Superior Court*, supra [87 Ariz. 350, 351 P.2d 179 (1960)]." When the trial court does not specify with particularity, as here, the rule of *Yoo Thun Lim v. Crespin*, 100 Ariz. 80, 411 P.2d 809 (1966), may apply, i.e., the burden of proof shifts to appellee, on appeal, to prove that the trial court did not err in ordering a new trial. We do not believe appellee has met that burden.

■ Even if a declaration of ineffective counsel could be deemed adequate under 59(m) *and* a determination could be made where under Rule 59(a)'s eight subsections this ground can be found, the trial court's reason for granting a new trial cannot stand. Under *King v. Superior Court*, supra, 138 Ariz. at 152, 673 P.2d at 792, "counsel's failure to act, whether inadvertent, intentional, or negligent, is not a ground for a new trial." Of course, where the attorney utterly fails to appear, file briefs timely or offer argument during trial, the transition from alleged legal malpractice to flagrant misconduct is made. See *Garrett v. Osborn*, 164 Colo. 31, 431 P.2d 1012 (1967), in which the Colorado Supreme Court held that palpable malfeasance, misfeasance and nonfeasance of counsel supply grounds for a new trial. The record before us does not reveal this gross breach of duty.

Courts outside Arizona are nearly unanimous in declaring that ineffective counsel is not a proper basis for granting a new trial. *In re Marriage of Ford*, 470 N.E.2d 357 (Ind.App.1984). In *Maltby v. Cox Construction Company, Inc.*, 598 P.2d 336 (Utah 1979), the Supreme Court of Utah observed that disagreement of later counsel with the trial tactics of earlier counsel relating to evidence or instructions not offered did not amount to incompetence requiring the granting of a new trial. Appellee's declaration of prejudice because of evidence relating to the family business other than book value, not presented at trial by appellee's own expert witness, a CPA, falls into the category of impermissible grounds for a new trial described in *Maltby*.

Similarly, any evidence not presented concerning a "community lien" on appellant's separate property could also have been a tactical decision, since the community occupied the home for five years and appellee, alone, for four years with no rent ever paid to appellant. The fact that appellee's attorney did not call an expert to elaborate on appellee's recounting of gynecological and endocrinological problems can only be characterized as tactical when it is improbable that such testimony, which is costly, would have resulted in an order for the year's spousal maintenance requested, instead of the six months actually granted. An affidavit from Mrs. Nordensson's gynecologist as to diagnosis and treatment was before the court.

We find the conclusion of *Andrea Dumon, Inc. v. Pittway Corporation*, 110 Ill.App.3d 481, 66 Ill.Dec. 148, 155, 442 N.E.2d 574, 581 (1982), apposite:

> "The factual support for this contention [of inadequate trial counsel] is little more than a bare assertion, and no authority is cited for the proposition that a civil judgment may be reversed because of a party's dissatisfaction with its chosen attorney. It has been held that it is an abuse of discretion to allow a motion for a new trial in a civil case when the basis of the motion is inadequacy of counsel for the losing party."

Appellee has had her day in court. She has shown no prejudicial error occurring at trial which would warrant granting a new trial. *Maltby v. Cox*, supra. Because we believe that the trial court's ground for a new trial was stated with insufficient precision under Rule 59(m) and in any case, at

most, amounts to no more than mere negligent omissions, we reverse the order for a new trial.

Reversed.

LACAGNINA and LIVERMORE, JJ., concur.