733 P.2d 635

**Nancy KABAT, Petitioner/Appellant,**

v.

**Jeffrey NORDENSSON, Respondent/Appellee.**

**No. 2 CA–CIV 5757.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 9, 1986.

Review Denied Feb. 18, 1987.

Salese & McCarthy, P.C. by Kathleen A. McCarthy, Tucson, for petitioner/appellant.

Mesch, Clark & Rothschild, P.C. by Douglas H. Clark, Jr., Tucson, for respondent/appellee.

### OPINION

LACAGNINA, Judge.

Nancy Kabat appeals a trial court order setting aside certain judgments entered against her former husband, Jeffrey Nordensson, as a result of his failure to comply with the trial court's order to pay spousal maintenance and attorney's fees. The validity of these judgments is the subject of this appeal.

The parties' marriage was dissolved by decree dated February 28, 1984. The trial court granted Kabat's motion for new trial by minute entry on May 8, and although a formal order granting the new trial was signed on June 6, it was never filed with the clerk. Nordensson, however, filed his notice of appeal on June 20. Kabat filed a motion to clarify judgment, and on Septem-

ber 13, the trial court entered its formal order granting a new trial.

The trial court granted Kabat's motion based on a claim of ineffective assistance of trial counsel. In its order, the court granted a new trial on "all issues except the status of the marriage." It also found that the order for temporary spousal maintenance entered earlier in the proceedings "became effective again, and that spousal maintenance [was] in the amount set by that order." That previous order had set spousal maintenance at $800, although the decree had set it at $400.

Nordensson appealed from the order granting a new trial, and we reversed. *Nordensson v. Nordensson*, 146 Ariz. 544, 707 P.2d 948 (App.1985). However, while the appeal was pending, Kabat obtained judgments against Nordensson for spousal maintenance arrearages under the September 13 order and for attorney's fees. Nordensson did not question the propriety of the spousal maintenance order in his first appeal, nor did we address the issue. Following this court's decision in *Nordensson v. Nordensson, supra*, and upon Nordensson's motion, the trial court set aside each of its judgments and orders for arrearages and attorney's fees, and in doing so, found as follows:

THE COURT FINDS from its review of the records and minute entries that each of the orders and/or judgments listed below were entered as a direct or indirect result of the May 8, 1984 Order for New Trial which was reversed on appeal.

THE COURT FURTHER FINDS that the trial court lacked jurisdiction to order spousal maintenance on September 13, 198[4], inasmuch as Respondant already perfected his appeal.

(NOTE—despite the confusion with regard to whether or not the May 8, 1984 order was signed, it appears clear from the record and from the Appellate Court decision that everyone understood that the notice of appeal with reg[a]rd for the granting of the motion for new trial was perfected on June 20, 1984—well before the September 13, 1984 order granting spousal maintenance in the amount of $800.00 per month).

Kabat argues that the trial court retained jurisdiction to order the payment of spousal maintenance and attorney's fees pending appeal, and that Nordensson's motion to set aside the judgments pursuant to Rule 60(c), Ariz.R.Civ.P., 16 A.R.S., was untimely. Because we find the trial court retained jurisdiction to enter its order, we reverse.

The Arizona courts have long recognized a trial court's continuing authority concerning the issues of spousal maintenance and child custody pending appeal, including attorney's fees, where these issues are not the subject of the appeal. *Cf. Ackel v. Ackel*, 57 Ariz. 14, 110 P.2d 238 (1941); A.R.S. § 25–319(A); *Beard v. Greer*, 116 Ariz. 536, 570 P.2d 223 (App.1977) (citing § 25–317(F)); *Johnson v. Johnson*, 22 Ariz. App. 69, 523 P.2d 515 (1974). When the trial court set aside the original decree by its September 13, 1984 order, it retained jurisdiction to continue in effect the prior order for spousal maintenance notwithstanding the filing of a notice of appeal. This only makes sense because the court in its order of $400 for spousal maintenance contained in the decree had taken into consideration the other division of property. Therefore, when the entire decree was set aside, the trial court acted within its discretion in reinstating the previous amount of $800.

This exception to the general rule that a trial court loses jurisdiction of all matters connected with the case once an appeal has been perfected is implied by statute. *See* A.R.S. § 25–317(F), which precludes modification of the terms of the decree "[e]xcept for terms concerning the maintenance of either party and the support, custody or visitation of children." Additionally, A.R.S. § 25–325 provides that "[a]n order directing payment of money for support or maintenance of the spouse or the minor child or children shall not be suspended or the execution of the order stayed pending the appeal."

Nordensson's initial appeal dealt with the single issue of ineffective assistance of counsel as the basis for a new trial. Our opinion in that case did not address the issue of spousal maintenance nor did it affect the court's previous spousal maintenance order. We hold that the trial court erred in its January 13, 1986 order setting aside the spousal maintenance order of September 13, 1984, and all judgments awarded as a result of Kabat's petition to enforce that order.[1] This includes the award of attorney's fees. A.R.S. § 25–324 allows the court in its discretion, after considering the financial resources of both parties, to order one party to pay the other party's attorney's fees, including attorney's fees for the appeal.

Kabat is awarded attorney's fees on appeal, upon filing the proper affidavits pursuant to Rule 21(c), Ariz.R.Civ.App.P., 17A A.R.S.

LIVERMORE, P.J., and BIRDSALL, J., concur.

---

1. Although not necessary for our resolution of the merits in this case, we note that Nordensson's motion to set aside the judgments, brought within one week of our decision in *Nordensson v. Nordenssen, supra,* and based on our reversal in that case, was timely. *See* Rule 60(c), Ariz.R. Civ.P., 16 A.R.S. The basis for the trial court's action in setting aside the judgments was a lack of subject matter jurisdiction, an issue which may be raised by the parties at any time, or by this court upon its own motion. *Bates & Springer of Arizona, Inc. v. Friermood,* 109 Ariz. 203, 507 P.2d 668 (1973); *Ames v. State,* 143 Ariz. 548, 694 P.2d 836 (App.1985).