NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

LOUIE JOSEPH CARUSO, *Petitioner/Appellant*,

*v.*

KIMBERLY JOSEPHINE CARUSO, *Respondent/Appellee*.

No. 1 CA-CV 13-0169
FILED 03/13/2014

Appeal from the Superior Court in Maricopa County
No. FC2009-051427
The Honorable Douglas Gerlach, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Berens Kozub Kloberdanz & Blonstein PLC, Scottsdale
By Richard W. Hundley
*Counsel for Petitioner/Appellant*

Carrie M. Wilcox, Phoenix
*Counsel for Respondent/Appellee*

_____

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Lawrence F. Winthrop joined.

_____

**J O N E S,** Judge:

¶1            Louie Joseph Caruso (Father) appeals the denial of his motion for new trial following an adjudication of contempt and assessment of spousal support and other arrearages.  Treating this appeal as a petition for special action, we accept jurisdiction and deny relief.

## BACKGROUND

¶2            In 2009, Father and Kimberly Caruso (Mother) entered into a consent decree (Decree) dissolving their marriage.  The Decree required Father to maintain health insurance for the parties' two minor children, D. and R., pay half of the children's uncovered medical expenses, all of the children's private school expenses, and half of the interim community obligations, including Mother's vehicle payments.

¶3            The Decree additionally required Father to pay $1,600 in weekly spousal maintenance for thirty months, and thereafter pay $1,300 for an additional thirty months.  Father was additionally responsible for obtaining, and maintaining, a life insurance policy with Mother as beneficiary throughout the spousal maintenance period.

¶4            In 2012, Mother filed her first amended petition for contempt, seeking unpaid spousal maintenance dating from 2009.  According to Mother, Father had also failed to pay $3,000 in Xavier College Preparatory expenses; made no interim community obligations payments; failed to reimburse her for medical care, insurance, and prescriptions; and failed to supply evidence that Mother was the beneficiary of his life insurance policy.  Father filed a response opposing the petition.

2

¶5        On November 13, 2012, following an evidentiary hearing, the trial court found Father in contempt for failing to pay spousal maintenance as ordered.  Mother was awarded $194,259.37[1] in spousal support arrearages, as well as amounts for insurance costs, uninsured medical expenses, and private school expenses.  The trial court also directed Father to provide proof Mother was designated as his life insurance beneficiary.  Finally, the trial court found Mother was entitled to attorneys' fees pursuant to Arizona Revised Statutes (A.R.S.) section 25-324(A) (2014),[2] subject to documentation of the requested amount.  This judgment was not a final, appealable judgment, pursuant to ARFLP[3] 78(A)-(B) and 81(A).

¶6        Father then moved for a new trial pursuant to ARFLP 83(A)(1) and (6), contending: (1) the contempt order pertaining to unpaid spousal support payments due prior to a year before Mother filed her petition was contrary to law under A.R.S. § 12-865(A) (2014);[4] and (2) there was an irregularity in the proceedings that deprived him of a fair trial due to his prior counsel's ineffectiveness in several respects, such as failing to disclose and introduce key documents at the evidentiary hearing.  Mother opposed the motion and applied for attorneys' fees.

¶7        The trial court denied the motion for new trial and awarded attorneys' fees to Mother. Following a motion for reconsideration, which was ultimately denied, Father appealed.

## STANDARD OF REVIEW

¶8        We review a finding of civil contempt for abuse of discretion.  *Munari v. Hotham*, 217 Ariz. 599, 605, ¶ 25, 177 P.3d 860, 866 (App. 2008).  We accept the factual findings of the trial court unless they are clearly erroneous.  *Strait v. Strait*, 223 Ariz. 500, 502, ¶ 6, 224 P.3d 997, 999 (App. 2010).

¶9        We review the denial of a motion for new trial under the abuse of discretion standard.  *Larsen v. Decker*, 196 Ariz. 239, 244, ¶ 27, 995

---

[1] The trial court later amended its judgment to reflect a mathematical error, and reduced the awarded amount to $188,959.37.

[2] Absent material revisions after the relevant date, we cite to the current version of a statute.

[3] Arizona Rules of Family Law Procedure

[4] Father does not contest the amount of spousal maintenance awarded.

P.2d 281, 286 (App. 2000). A court abuses its discretion by committing an error of law. *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17, 141 P.3d 824, 830 (App. 2006).

## DISCUSSION

I. Jurisdiction

**¶10** "[T]his court has an independent duty to determine whether it has jurisdiction to consider an appeal." *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App. 1997). Our jurisdictional limits are defined by statute. A.R.S. § 12-2101(A) (2014); *Fields v. Oates*, 230 Ariz. 411, 413, ¶ 7, 286 P.3d 160, 162 (App. 2012).

**¶11** Father appeals the denial of his motion for new trial, which challenged the trial court's ruling regarding Mother's contempt motion. While a finding of criminal contempt is appealable under A.R.S. § 12-863(D) (2014), no such provision is found within the civil contempt statute. A.R.S. § 12-864 (2014). In general, we lack direct appellate jurisdiction over appeals from civil contempt orders. *Stoddard v. Donahoe*, 224 Ariz. 152, 154, ¶ 7, 228 P.3d 144, 146 (App. 2010).

**¶12** Father's appeal, however, also raises questions relating to other arrearages for which he was not found in contempt. In the exercise of our discretion, we treat Father's entire appeal as a special action, accept jurisdiction, and deny relief for the following reasons.

II. Ineffective Assistance of Counsel

**¶13** Father argues his prior counsel failed to effectively represent him, which constituted an irregularity in the proceedings and deprived him of a fair trial. ARFLP 83(A)(1). Prior counsel's alleged failure is asserted to reside in not having raised a statute of limitations defense and failing to introduce documents and testimony at trial, which Father argues substantiated his lack of financial resources.

**¶14** As our Supreme Court has previously found, we find that "counsel's failure to act, whether inadvertent, intentional, or negligent, is not a ground for a new trial. Allegations concerning such omissions are, thus, necessarily not essential to the judgment on a motion for a new trial." *King v. Superior Court*, 138 Ariz. 147, 152, 673 P.2d 787, 792 (1983) (affirming the denial of a motion for new trial under analogous Arizona Rule of Civil Procedure 59).

**¶15** In support of his argument, Father relies upon *Nordensson v. Nordensson*, 146 Ariz. 544, 707 P.2d 948 (App. 1985). As in *Nordensson*, Father complains his prior counsel failed to submit evidence and adequately challenge opposing witnesses. *Id.* at 545-46, 707 P.2d at 949-50. However, *Nordensson* held that the alleged ineffectiveness did not constitute a "gross breach of duty" and did not warrant a new trial. *Id.* at 546, 707 P.2d at 950.

**¶16** Even assuming prior counsel committed a gross breach of duty, relief is precluded by our Supreme Court's subsequent decision in *Panzino v. City of Phx.*, 196 Ariz. 442, 445, ¶ 7, 999 P.2d 198, 201 (2000). Simply stated, an ineffective assistance claim is not available here, as opposed to matters involving criminal defendants and possibly parental severance. *See Glaze v. Larsen*, 207 Ariz. 26, 31, ¶ 20, 83 P.3d 26, 31 (2004); *John M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 320, 324-25, ¶¶ 14, 17, 173 P.3d 1021, 1025-26 (App. 2007) As such, a civil defendant in Father's position may not obtain post-judgment relief based upon ineffective assistance of counsel. *Glaze*, 207 Ariz. at 31, ¶ 20, 83 P.3d at 31.

III. The Statute Of Limitations Argument

**¶17** Equally unavailing is Father's argument that the trial court should have granted his motion for new trial, as the contempt finding was contrary to law by virtue of a statute of limitations defense that he first asserted post-trial and post-verdict. Because the procedural history surrounding the motion for new trial is significant to the resolution of this issue, we explain it with greater detail.

**¶18** On November 13, 2012, the trial court filed a signed minute entry with the clerk's office finding Father owed $194,259.37 for unpaid spousal maintenance along with several other amounts for various expenses incurred by Mother. Further, it found Father in contempt for the unpaid spousal support payments dating back to 2010. The last paragraph of the minute entry, however, stated it was "not a final, appealable order under [ARFLP] 78, 81" because the trial court had yet to determine the amount of attorneys' fees it would award. *See* ARFLP 78(B). The trial court noted it "sign[ed] th[is] minute entry so that no one [would have] any questions about the effective date and enforceability of the rulings" contained within it, "all of which [were] effective and enforceable immediately."

**¶19** Thereafter, on November 28, Father filed a motion for new trial pursuant to ARFLP 83(A)(6), arguing, in pertinent part, that A.R.S. §

12-865 precluded the trial court's ability to find him in contempt for outstanding payments older than one year from the time Mother filed her petition for contempt, i.e. any payment required to have been paid before February 2, 2012.[5] Within Father's reply in support of his motion, he conceded that his attorney at trial "entirely missed the statute of limitations issue."

¶20        The trial court, on January 7, 2013, denied Father's motion for new trial in a final judgment, finding Father had waived the statute of limitations argument as he "failed to raise the issue before the entry of judgment." Father then filed a motion for reconsideration, arguing the minute entry was not a final, appealable judgment as described in ARFLP 78 and 81, and that he had therefore timely raised the statute of limitations defense. The trial court acknowledged it erred in denying Father's motion for new trial upon the ground that the statute of limitations defense was not raised prior to the entry of a final judgment. Accordingly, the trial court vacated that part of its previous judgment. Nonetheless, the trial court denied Father's motion for reconsideration as it found Father waived the statute of limitations defense by failing to assert it prior to his motion for new trial; his motion for new trial being filed subsequent to both the conclusion of the trial proceedings and the trial court's post-trial verdict.

¶21        On appeal, Father again urges the statute of limitations defense was timely asserted as it was presented prior to the entry of a final, appealable judgment. The statute of limitations is an affirmative defense that may be waived if it is not timely raised. *Allen v. Indus.. Comm'n*, 152 Ariz. 405, 412, 733 P.2d 290, 297 (1987); *Uyleman v. D.S. Rentco*, 194 Ariz. 300, 302, ¶ 10, 981 P.2d 1081, 1083 (App. 1999). ARFLP 32(B) provides that every defense shall be asserted in a responsive pleading if one is required, and ARFLP 32(F) states that "[a] party waives all defenses and objections not presented either by motion or in that

---

[5] A.R.S. § 12-865 provides:

    A.  No proceeding for contempt shall be instituted against any person unless begun within one year from the date of the act complained of.

    B.  The proceeding for contempt or a satisfied judgment thereon shall not bar a criminal prosecution for the same act.

party's answer or response." Father correctly notes ARFLP 92 does not require a response to a contempt petition. See also ARFLP 91(M). When a pleading does not require a response by the opposing party, ARFLP 32(B) provides that "the adverse party may assert *at the trial* any defense in law or fact to [the] claim for relief." (emphasis added). Father had three separate interactions with the trial court before it rendered its verdict — his response to the contempt petition, his pre-hearing memorandum, and the trial proceedings — and he concedes he did not raise the statute of limitations defense at any of those junctures.

**¶22** Father relies upon *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127 (1982) and *Romo v. Reyes*, 26 Ariz. App. 374, 548 P.2d 1186 (1976) for the proposition that the statue of limitations defense is waived only if not raised prior to the entry of a final, appealable judgment. While the defense is certainly waived if not raised prior to a final judgment, the defense is likewise waived if not asserted prior to the entry of a non-final, revisable judgment, such as was provided in this case. *See Lewis R. Pyle Mem'l Hosp. v. Gila Cnty.*, 161 Ariz. 82, 84, 775 P.2d 1146, 1148 (App. 1989) (finding the statute of limitations defense was waived when asserted for the first time in a motion following a signed and filed partial summary judgment ruling that was without Rule 54(b) language (analogous to ARFLP 78(B)). This conclusion is necessary both for the trial court's understanding of the issues before it and the opposing party's trial preparation and conduct. To find otherwise would prejudice the opposing party and undermine public policy favoring finality of judgments. *See Panzino v. City of Phx.*, 196 Ariz. 442, 447-48, ¶ 18, 999 P.2d 198, 203-04 (2000).[6] As the trial court properly applied the law before it, ARFLP 83(a)(6) does not support the relief Father seeks.

**¶23** Father also contends Mother implicitly raised the statute of limitations issue by presenting three years of spousal arrearage evidence. We reject this contention. An affirmative defense, by definition, is "[a] *defendant's assertion of facts and arguments* that, if true, will defeat the plaintiff's or prosecution's claim . . . ." Black's Law Dictionary (9th ed.

---

[6] As the trial court aptly noted, accepting Father's contention and granting his request for a new trial to allow him to plead a previously omitted defense — more appropriately considered "a motion to reopen the record in [a concluded] proceeding" that resulted in a verdict — would force courts "to grant new trials routinely when asked to do so by disgruntled parties seeking a second trial to correct whatever did not go well in the first trial . . . ."

2009) (emphasis added). "The trial court cannot be expected to glean a party's arguments from a review of the evidence; the party must articulate its legal arguments." *Best Choice Fund, L.L.C. v. Low & Childers, P.C.*, 228 Ariz. 502, 508 n.3, ¶ 17, 269 P.3d 678, 684 n.3 (App. 2011) (rejecting claim that issues were sufficiently raised because they were implicit in the affidavits). If we were to accept this argument, an opposing party would never be required to affirmatively raise a limitations period defense as it would always be "implicitly" raised whenever applicable to a claim, and therefore could never be waived. This, of course, is not the law in Arizona. *Uyleman*, 194 Ariz. at 302, ¶ 10, 981 P.2d at 1083 ("The statute of limitations is an affirmative defense that is waived unless raised.").

**¶24** ARFLP 34(A)(1) allows for a party to amend its pleading once as a matter of course prior to service of a responsive pleading, or if no responsive pleading is required, within twenty days following its service. ARFLP 34(B) provides that a party, even after judgment, may move to amend the pleadings to raise issues previously omitted from the pleadings but tried by express or implied consent of the parties at trial. Father, however, never requested leave to amend pursuant to ARFLP 34, but rather chose to assert a previously unasserted affirmative defense in a post-verdict motion for new trial. While motions seeking leave to amend should be liberally granted,[7] such motions must necessarily be filed, which in the immediate case never occurred.

**¶25** Therefore, based upon the foregoing, the trial court's ruling denying Father's motion for new trial was correct and will not be disturbed on appeal.

IV. Attorneys' Fees

**¶26** Finally, Father challenges the trial court's award of attorneys' fees to Mother under A.R.S. § 25-324(A). We review this award for abuse of discretion. *Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26, 258 P.3d 164, 170 (App. 2011).

**¶27** The trial court had discretion to award attorneys' fees based upon the parties' resources and the reasonableness of the parties' positions throughout the litigation. *See* A.R.S. § 25-324(A). In exercising

---

[7] ARFLP 34(A)(1); *Dube v. Likins*, 216 Ariz. 406, 415, ¶ 24, 167 P.3d 93, 102 (App. 2007); *MacCollum v. Perkinson*, 185 Ariz. 179, 185, 913 P.2d 1097, 1103 (App. 1996).

that discretion, the trial court found Father had behaved unreasonably by (1) arguing his spousal support obligation was discharged because Mother was living with her brother and sister-in-law, and (2) threatening to initiate litigation for recovery of "back child support." Father also rejected Mother's settlement offer without proposing a reasonable alternative.

¶28 The trial court also had evidence from the contempt hearing concerning the parties' respective resources. Indeed, the trial court concluded Father's bank account statements substantiated his ability to pay spousal support. Although Father disputes the inferences to be drawn from the bank account evidence, it cannot be said the trial court abused its discretion in concluding that the reasonableness of the positions taken and the parties' resources, considered together, supported the award of attorneys' fees to Mother.

¶29 To the extent Father asserts an abuse of discretion based upon a lack of findings regarding fees, nothing in the record reflects a request for such findings or challenged the lack thereof in the trial court. "There is no obligation for the trial court to make findings of fact under A.R.S. § 25-324" unless a party makes a formal request. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶¶ 39-40, 250 P.3d 1213, 1221 (App. 2011); *see* A.R.S. § 25-324(A) ("On request of a party or another court of competent jurisdiction, the court shall make specific findings concerning the portions of any award of fees and expenses that are based on consideration of financial resources and that are based on consideration of reasonableness of positions."). "A litigant is required 'to object to inadequate findings at the trial court level so that the court will have an opportunity to correct them, and failure to do so constitutes a waiver.'" *MacMillan*, 226 Ariz. at 592, ¶ 39, 250 P.3d at 1221 (quoting *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cnty.*, 208 Ariz. 532, 540, ¶23, 96 P.3d 530, 538 (App. 2004)). Consequently, Father failed to preserve his objection as to the lack of findings. *See id.*

## CONCLUSION

¶30 We accept jurisdiction and deny relief. In accordance with A.R.S. § 25-324(A), we deny Mother's request for attorneys' fees on appeal; however, as the prevailing party we award her costs on appeal

subject to her compliance with Arizona Rule of Civil Appellate Procedure 21(b) and (c). We deny Father's request for attorneys' fees and costs on appeal.



Ruth A. Willingham · Clerk of the Court
FILED: gsh